Mr. Chief Justice Chase
delivered the opinion of the court:
It appears from the findings of fact by the Court of Claims that George W. Carroll, residing’in Arkansas, during the first years of the late civil war, raised and was the owner of certain cotton. Ho died in September, 1803. During his life he had given aid to the rebellion.
The cotton, upon his death, came into the possession of the claimant as administratrix, and was in her possession at the time it was captured by the Army of the United States. She offered evidence to establish her own loyalty and that she never gave aid or comfort to the rebellion, which seems to have been rejected by the court. The estate is insolvent. The creditors are numerous, and there is no proof in respect to their loyalty.
The Court of Claims decided as a conclusion of law from these facts that the claimant’s right as administratrix depended *256 upon proof of tbe loyalty of the decedent, and, it being shown that he voluntarily gave aid and comfort to the rebellion, dismissed the petition.
We think that the Court of Cl ai m s erred. The statute of March 12,1863, makes the right to recover depend on proof of ownership of the abandoned or captured property, of right to the proceeds, and of the fact that the owner gave no aid or comfort to the rebellion. It is plain to us that the ownership to be proved was that which existed at the time of capture or abandonment, and that the right to the proceeds was that which existed at the time of the petition hied in the Court of Claims. These titles, in their nature capable of separation, co-existed in the petitioner. True, her ownership was uot absolute, nor was her right to the proceeds absolute. She could claim only in a representative capacity — first, in right of the intestate, and, secondly, as trustee for creditors and distributees. At the time of the death of the intestate the cotton was in his possession, unaffected by any proceeding in confiscation. After his death, and upon appointment of his widow as administratrix, the title vested in her unforfeited. It was a title upon which she could maintain trespass or trover. — (Bedfield on Wills, 114,116$ 1 Williams on Ex’rs and Adm’rs, 506; 2 Brevard Bep., 313; 23 Pick. Bep., 120.) And it was the only title to the property subsisting at the time of the capture .and sale and payment of the proceeds into the Treasury. The statute does not make it the duty of the court to inquire whether the intestate who had been the owner gave aid and comfort to the rebellion, but whether such aid or comfort was given by the actual owner at the time of capture. This owner, within the sense of the statute, was the administratrix. It would be much more reasonable to institute such inquiries in respect to the creditors and distributees than in respect to the intestate. But such an investigation might be endless, and could not, we think, have been contemplated by the legislature.
We think, therefore, that the Court of Claims erred in not admitting the proof offered by the petitioner, and for this cause the decree must be reversed.