Milligan, «L,
delivered the opinion of the court:
The petition in this case was filed by Balph Meldrim and Margaret Doyle, administratrix of James Doyle, deceased, who claimed to have been the lawful owners of thirty-one bales of *596 cotton which were captured in Savannah, Georgia, in 1865. The seizure was made by the United States military in the lifetime of James Doyle, who was a joint owner of the thirty-one bales of cotton claimed in the petition with Meldrim. They do not appear to have been g’eneral partners in trade, but to have jointly purchased the lot of cotton in question, and at the time of its capture to have been equally interested therein.
The claimants’ title rests wholly on possession, and the acts of ownership exercised over it by Meldrim and Doyle.
It was stored in Doyle’s store-house on the corner of Bay and Whitacre streets in Savannah, and reported by them “ as joint owners” to the military authorities then in the city, who took possession of it on the 23d of March, I860, shipped it to Hew York, where it was sold, and the net proceeds paid into the Treasury.
After the occupation of the city of Savannah, James Doyle went to New York, where, on the 27th of October, 1865, he died intestate. His widow, Margaret Doyle, subsequently administered on his estate in Georgia, and, as such, joined Meldrim in this petition.
Meldrim proves he adhered to the United States throughout the' war, and gave no aid or comfort to the rebellion. But there is little or no evidence of Doyle’s loyalty, except as it may be inferred from his kind treatment of the Federal officers after the occupation of Savannah. But this is not sufficient to fulfill the requirements of the statute. And he may have so •regarded it, for afterward he applied to the President for a special pardon, which was granted on the 18th of October, 1865. But he died nine daj s after its issuance and never accepted it.
On this state of facts the first question presented for our decision is, whether or not the claimants can maintain an action against the United States as joint owners of the property when it was seized 1
The Act March 12th, 1863, under which this suit is prosecuted, makes it necessary for the claimants to prove three things before they can recover. First, they must prove ownership of the cotton seized; second, their right to the proceeds thereof 5 and third, that they never gave any aid or comfort to the rebellion.
At the time of seizure Balph Meldrim and James Doyle were *597 the equal joint owners of the cotton on which this-action is founded. Doyle died before suit was brought, and his personal representative united with Meldrim in this action to recover the proceeds. The loyalty of Meldrim is proven, but Doyle’s is not, and he died without taking the oath of amnesty, or accepting the special pardon offered him by the President.
The facts are peculiar, and present a case somewhat different from any which has heretofore been presented to this court. It does not fall within the principle announced by the Supreme Court in the case of Carroll’s administratrix, (ante.) In that case the seizure was made after the grant of letters of administration to Mrs. Carroll, and her qualification under them, and the court held that as Carroll could have no title in himself at the time of seizure, there was such a qualified title .in his personal representative as enabled her to maintain the action without proof of her intestate’s loyalty.
But in this case the title was jointly in Meldrim and Doyle at the time of seizure. The former has proved his loyalty, and the personal representative of the latter — standing as he does in his shoes — is equally bound to prove her intestate’s loyalty, before her right as his representative to the proceeds can be declared by this court. The act of Congress, in captured and abandoned property cases, is peremptory in its demand of proof of loyalty, and no pardon or amnesty of the President can repeal, change, or modify it.
The most, in this class of cases, that is claimed for pardon or amnesty, whether granted directly by the warrant of the President or proclaimed in his proclamations, is, that it purges the offender of the crime that previously stood in the way of his prosecuting a suit in this court, and thereby restores him to all tffe rights and privileges which he would have enjoyed if he’ had never offended against the Constitution and laws of the United States. In other words, pardon or amnesty, as was decided by the Supreme Court in Padelford’s Case, (9 Wallace, 53,) and also recognized by this court in Backer’s Case, (ante,) comes in the place of the proof of loyalty, and thereby answers the requirements of the statute. But it does not supersede or set the statute aside. It remains in full force, and we are bound to give it effect.
In this view of the case it seems to follow, logically, that we. cannot by any sort of legal imputation hold that the Presi *598 dent’s proclamation of the 25th December, 1868, granting amnesty and pardon unconditionally to all, can in any way affect the legal status of Doyle while he lived. To hold otherwise would be to revive the right of action in the personal representative, lost by the default and neglect of her intestate; and, at the same time, w'holly to disregard the plain provisions of the third section of the Act March l‘2th, 1863.
The decision of this point, if the claimants were strictly partners in trade and their assets undivided, would be conclusive of the whole case. In Schreiner $ Son’s Case (6 0. Gis. B., p. 359,) this court held that we could not sever copartners without ascertaining the individual interests in the firm,, which we have no means of doing, and therefore the disloyalty of one member of the firm defeated the whole action. '
Butin cases of joint interest we have held otherwise. Mott’s Case (3 O. Gis. E., p. 218,) is the leading case on this point, which was subsequently followed by Fain’s Case, (4 O. Oís. B., p. 237.) In the latter case, the court say: u Ordinarily, in cases'of joint ownership, the action must also be joint; but when the interest is several, or,-having been joint, has been severed, separate actions may7 properly be maintained, and in actions for damages in such a case the surrounding circumstances and situation of the parties and the nature of the consideration may be looked at in order to see who was really interested and has sustained the damages, and whether such damages are joint or several, in order to determine the number of plaintiffs and in whom the right of action rests.” (Ohitty on Contracts, p: 124; 1 Esp. Nisi Prius, 117; Hall v. Lee, 8 Cranch, 50.)
If at the common law, under the principle announced in Fain’s Case, joint owners of property can maintain separate suits when their interest is several, much more ought they to be able to do so in this court, whose jurisdiction is purely statutory and limited by no technical forms or rules of pleading. Its object is, in this class of cases, to determine the right of every claimant under the statute to the proceeds of his property seized, and to render judgment accordingly. And in a case like this, when the interest is not equal but clearly severable, the court will ever be cautious not to allow the crime of one joint owner to work a forfeiture of the rights of the other when he is innocent and within the terms of the statute.
*599 Applying this principle to the case in hand, it is clear, while Doyle’s administratrix cannot recover, Meldrim is entitled to judgment for his one-half interest in the fund claimed.
We hold, therefore, that the petition be dismissed as to Doyle’s personal representative, and that judgment be entered in favor of Meldrim for one-half the net proceeds of thirty-one bales of cotton now in the • Treasury-, which we find to be $2,717.61, for which judgment will be entered.