The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 We think that the Court of Claims erred in the decision given by it. The statute of March 12th, 1863, makes the
 
 *153
 
 right to recover depend on proof of ownership of the abandoned or captured property, of right to the proceeds, and of the fact that the owner gave no aid or comfort to the rebellion. It is plain to us that the ownership to be proved was that which existed at the time of capture or abandonment, and that the right to the proceeds was that which existed atr' the time of the petition filed in the Court of Claims. These titles, in their nature, capable of separation, coexisted in the petitioner. True, her ownership was not absolute, nor was her right to the proceeds absolute. She could claim only in a representative capacity—first, in right of the intestate, and, secondly, as trustee for creditors and distributees. At the time of the death of the intestate the cotton was in his possession, unaffected by any proceeding in confiscation. After his death, and upon appointment of his widow as administratrix, the title vested in her unforfeited. It was a title upon which she could maintain trespass or trover.
 
 *
 
 And it was the only title to the .property subsisting at the time of the capture and sale and payment of the proceeds into the treasury. The statute does not make it the duty of the court to inquire whether the intestate who had been the owner gave aid and comfort to the rebellion, but whether such aid or comfort was given by the actual owner at the time of capture. This owner, within the sense of the statute, was the administratrix. It would be much more reasonable to institute such inquiries in respect to the creditors and distributees than in respect to the intestate. But such an investigation might be endless, and could not, we think, have been contemplated by the legislature.
 

 We think, therefore, that the Court of Claims erred in not admitting the proof offered by the petitioner, and for this cause the decree must be
 

 Reversed.
 

 *
 

 Bed field on Wills,
 
 114,
 
 116; 1 Williams on Executors and Administrators, 596 ; McVaughters
 
 v.
 
 Elder, 2 Brevard, 313; Lawrence v. Wright, 23 Pickering, 129.