Bichardson, J.,
delivered the opinion of the court:
This action is brought to recover the surplus arising from the sale of the real estate of Joseph D. Edings, of South Carolina, in March, 1863, for the unpaid national direct taxes assessed thereon, over and above the amount of taxes, costs, charges, and commissions.
The proceedings were had under the provisions of the act of August 5, 1861, ch. 45 (12 Stat. L., 304), the act of July 7, 1862, ch. 98 (12 Stat. L., 422), and the act of January 6, 1863, ch. 21 (12 Stat. L., 640).
That the surplus arising from sales under those acts remains in the Treasury for the use of the owners or their legal representatives until application therefor is made to the Secretary when it should be paid to such claimants, and that they may maintain actions for the same in this court has been several times decided in cases involving different questions of law and fact. (Taylor’s Case, 14 C. Cls. R., 339, and 104 U. S. R., 216; Lawton’s Case, 18 C. Cls. R., 595, and 110 U. S. R., 146; Chaplin’s Case, ante, 424, and Chisolm’s Case, ante, 435.)
Edings died after the sale of the property and before the issuing of the President’s proclamation of general pardon and amnesty, December 25,1868 (15 Stat.-L., 711), and the claimant is the executor of his will.
The only defense set up is that the claimant should have averred in his petition and should have proved that Edings *438 “ at all times bore true faith, and allegiance to the government of the United States and had not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said government,” according to the terms of JE£evised Statutes, section 1072, which he has not done.
The Supreme Court has decided that the President’s proclamation of general amnesty and pardon (15 Stat. L., 711) of all persons who participated in the late rebellion relieves those to whom it applies from averring in their petitions and from proving that they had never given aid or comfort to the late rebellion. (Armstrong's Case, 13 Wall., 154, and 7 C. Cls. R., 280; Pargoud’s Case, 13 Wall., 156, and 7 C. Cls. R., 289.)
For the defendants it is urged, however, that the proclamation of general amnesty did not apply to Edings, because he had previously died, and the President could not pardon a deceased person. The case of Meldrum & Doyle (7 C. Cls. R., 595) is cited in support of that position. Whether the doctrine of that case be correct or not is, in our opinion, immaterial in this case.
The provision of section 1072 of the Revised Statutes upon which the defense relies is that it shall be set out in the petition that “the claimant, and, where the claim has been assigned, the original and every prior owner thereof, if a citizen, has at all times borne true allegiance to the government of the United States, and W'h ether a citizen or not,, has not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said government.” Section 1073 provides that such an allegation may be traversed, and if on trial the issue is found against the claimant his petition shall be dismissed.
The present claim has never been assigned, and the ex-cutor, who brings this action, is the sole claimant. After the death of Edings and the appointment of the claimant as his executor, the latter became entitled to the money now in suit upon application therefor to the Secretary of the Treasury, since he was, in the language of the act, “the legal representative” of the owner of the property sold. The statute itself authorizes the executor in such a case to apply for and receive the surplus, and no proof of loyalty was required to enable him to receive it from the Treasury.
When he comes into this court he is not required to aver or prove his loyalty, because the proclamation of general amnesty *439 applies to him, and relieves him from so doing. Is be required to prove the loyalty of his testator?
The Abandoned or captured property Act of March 12,1863 (ch. 120, section 3,12 Stat. L., 820), contained other and somewhat different requirements as to proof of loyalty by claimants-under that act from those of Revised Statutes, section 1072, as. to parties in general who bring action in this court. That act gave to the owners of captured or abandoned property therein referred to the right to prefer their claims for the proceeds-thereof in the Court of Claims at any time within two years, after the suppression of the rebellion, and upon proof of ownership, and that they had never given aid or comfort to the“Xtresent rebellion,” they could recover the net proceeds after certa,iii deductions therein specified. According to the decision of the Supreme Court in Carroll’s Case (13 Wall., 351, and 7 C. Cls. R., 255), it was the loyalty of the owners of the property at: the time of its seizure that was required to be proved under that act.
But other parties bringing actions in this court are required by Revised Statutes, section 1072, to prove only the loyalty of the claimant, except where the claim has been assigned. When», in 1863, the provision requiring the loyalty of assignors to be proved was first enacted it had not been decided by the Supreme Court that all assignments of claims against the United. States were void even between the parties, and in every court,, as well as at the Treasury, as it was afterwards determined in United States v. Gillis (95 U. S. R., 407) and Spofford v. Kirk (97 U. S. R., 484). So much of the section as relates to assignors is therefore now inoperative.
Who, then, is the claimant whose loyalty is to be proved,, within the meaning of the Revised Statutes, when an action is-brought by the executor of the will of a deceased person ?. Not the testator, who in his life-time was the owner of the property,, since it is not for him that the suit is instituted. If we go beyond the executor, who sues in a representative capacity, it would be the beneficiaries under the will of the testator or his-creditors, whom we should find to be the only parties in interest. But they are not claimants, and that their loyalty is not to be proved' was authoritatively determined by the Supreme Court in Carroll’s Case (13 Wall., 351, and 7 C. Cls. R., 255), *440 where an executrix sued for the proceeds of property of her testator which was seized while in her possession.
If the real, living beneficiaries are nob the claimants whose loyalty is to be proved when an executor or administrator brings the action, there would seem to be no sufficient ground for holding that the testator or intestate who in his life-time owned the property is, after his death, the claimant.
Claimants of record, in whatever capacity they bring their actions, are the only claimants recognized by the court, and it is to them alone, in our opinion, that the existing statute as to proof of loyalty applies.
Since the decisions of the Supreme Court in the Armstrong iaud Pargoud Cases, already cited, this court has not required ■claimants to aver and prove their loyalty, although the language of the Bevised Statutes is that they shall set out in their ■petition that they have at all times borne true faith and allegiance to the United States, and have not given aid and comfort io rebellion in general, while the loyalty to be proved under the ■captured or abandoned property act to which those decisions .’referred, and the disloyalty pardoneu by the proclamation of general amnesty, related to the late rebellion only.
The reason that claimants are thus relieved from the requirement of the Eevised Statutes as to proof of loyalty is that it is «understood that the word rebellion as there used practically, so far as the past is concerned and until something happens, if ■ever, to which it may apply again, must refer to the late rebellion only; and for disloyalty in that rebellion all citizens have been pardoned, and their disabilities to sue in this court are thereby removed.
This decision has no reference to the proof of loyalty required in certain cases under the provisions of the Bowman Act «f March 3,1883, § 4 (22 Stát. L.,' 485).
The judgment of the court is that the claimant recover the sum of $189.98, and it will be so entered.