Nott, J.,
delivered the opinion of the court:
William Fripp, senior, owned two tracts of land in Saint Helena, S. 0., described jn the petition as Burlington and Fripp Point Place. On the 9th January, 1861, Mr. Fripp died leaving a will, whereby the claimant became his executor, but he died intestate as to the two tracts of land above-named. Subsequently, and while the property was in the executor’s possession, it was sold for taxes under the Acts 5th August, 1861, and 1th July, 1862 (12 Stat. L., pp. 304, 422). A surplus derived from the sales is in the Treasury, and the single question presented is, whether the action to recover it should be brought by the executor or the heir.
*668 It was held in the recent case of Chaplin et al. (ante), that “where there was no trust and no other interest in the property than that of the claimant’s ancestor when the sale was made * * * the surplus due to the sole owner of the property in fee was personal estate,” which passed to the executor and not to the heir. The difference between that case and this is that here the ancestor died before the sale took place, though before the heirs entered into occupancy.
The Supreme Court decided, in Mrs. Taylor’s Case (104 U. S. R., 216), that these surplus funds derived from the sale of land are trust funds, and that the government is the trustee of the rightful claimant. The fund in the Treasury, therefore, is precisely like the fund in the Treasury derived from the sale of captured cotton, save for this broad distinction that the owner designated in the one statute must be the owner of real property, and the owner designated in the other was generally the owner of personal property.
Hence the counsel for the claimant relies upon certain abandoned or captured property cases wherein it was held that the administrator and not the heir was the proper party to maintain an action for the recovery of the trust fund in the Treasury.
It is true that there are many cases in which it was held that the administrator in possession of personal property at the time of capture was the owner within the meaning of the abandoned or captured property act, the person whose loyalty was to be established. But these cases rested upon the decision of the Supreme Court in Carroll’s Case (13 Wall. R., 151; 7 C. Cls. R., 255), and the doctrine in Carroll’s case was greatly modified in the later case of Villalonga (23 Wall. R., 35; 10 C. Cls. R., 22), wherein it was held that possession at the time of capture did not constitute the possessor the owner, nor confer a right to recover the proceeds, and wherein it is said of the administratrix in Carroll’s case:
“Undoubtedly she was the full legal owner, entitled both in law and in equity to the entire property. Hers was the only title which existed at the time of capture.”
It cannot be said so in the present case. The executor had no “ title” whatever to the property. He was but the custodian of this realty, and his possession was the possession of the heir.
The judgment of the court is that the petition of the claimant be dismissed.