Davis, J.,
delivered the opinion of the court:
This case, transmitted here under the provisions of the act of March 3, 1883, commonly known as the “Bowman Act,’7 being a claim for “supplies or stores” taken by or furnished to the military forces of the Government during “the late war for the suppression of the rebellion,” falls within section 4 of *206 that act, which requires us, upon a preliminary inquiry, to find “that the person who furnished such supplies or stores, or from whom the same were taken,” was loyal to the Government of the United States “ throughout said war.”
Claimant’s intestate, Green, died during the year 1858, leaving a widow, three minor children, and a posthumous child; the eldest of these children was not over twelve at the close of the war. Soon after Green’s death and long prior to the alleged taking, letters of administration upon his estate were issued to the claimant by a probate court in Mississippi, where the parties resided. The administrator entered immediately upon the performance of his duties, took possession of the property of the deceased, and was so in possession and managing the estate at the time of the seizure.
The first question for this court to determine, therefore, is as to the individual whose loyalty must be proved. The statute says the “person” who furnished the stores or from whom they were taken. That “ person” might be found in the widow and heirs. They, however, had no legal title to the estate, but only a right to such surplus as might be left after payment of all debts. Or is the “person” found in the creditors'? They also had no title, and investigation into their loyalty would be an endless task, practically turning this tribunal into a court of probate, and requiring us to pass upon the validity of the claims of the several creditors against the estate so as to determine whether their rights are such as to demand an investigation of their loyalty. In law the title to the stores taken was vested in the administrator; in fact, they were in his possession and under his management, and he is the person whose loyalty must be proved.
In this conclusion we follow the opinion of the Supreme Court in Carroll’s Case (13 Wall., 151), a claim founded upon the Captured or Abandoned Property Act, which required proof that the “owner” of the property did not give aid or comfort to the rebellion. That action was brought by an ad-ministratrix, who was such at the time of the capture. The court held that she and not her intestate or his creditors was, within the meaning of the act, the “owner,” and that as to her the provision requiring proof of loyalty applied, saying:
“The statute does not make it the duty of the court to in- ' quire whether the intestate who had been the owner gave aid *207 and comfort to tlie rebellion, but whether such aid or comfort was given by the actual owner at the time of capture. This owner, within the sense of the statute, was the administratrix.”
In Villalonga's Case (10 C. Cls. R., 36) the Supreme Court-affirmed this doctrine, saying:
“The property having been taken, after his death,from the administratrix and not from him, the administratrix was declared to be the owner within the meaning of the statute. Undoubtedly she was the full legal owner, entitled both in law and in equity to the entire property. Hers was the only title which existed at the time of the capture. Through whom she acquired it was deemed immaterial. It was sufficient that no other person had a definite right.”
Iii White’s Case (19 C. Cls. R., 439) this court construed section 1072 of the Bevised Statutes, which requires proof that the claimant has not in any way voluntarily aided, abetted, or given encouragement to the rebellion, and, following Carroll’s Case, held that the “claimant,” within the meaning of the statute, is not the testator, or the beneficiaries under his will, or his creditors, but the executor.
The Bowman Act does not use the word “owner” or the word “claimant,” but the phrase “person who furnished such supplies or stores, or trom whom the same were taken.” We cannot see that Congress designed, by this change in words, to effect any change in substance. The “person” from whom the stores were taken and whose loyalty is to be proved must be a person properly in possession of them and having a financial interest therein. Congress could certainly not have intended that where property was taken from a servant in temporary charge of it, or from a thief who had stolen it, that the loyalty of such servant or thief should be inquired into or be of importance either to defeat or save the claim. On the other hand, there may be several owners of property seized while in the possession of one of them; clearly the interests of the other owners should not be held to depend upon the loyalty or disloyalty of the individual who happened to have temporarily the charge of the property when taken.
The person from whom supplies or stores are taken, then, is not necessarily the person in whose i>hysical possession they were at the time, but is that person who, if payment for the goods had been permitted at the date of seizure, would in law have been then entitled to the money paid. Therefore, in *208 seeking for tbe person whose loyalty is to be investigated we must go back to the date of seizure, find the person then directly injured by that seizure and who then could have recovered compensation, that is, the owner of the property. This owner, the Supreme Court say, is in'law and equity the administrator.
A finding of disloyalty against one of the heirs or next of kin, or against a creditor, should the estate be insolvent, would not be of practical value, even if the finding as to the sum due were proportionately reduced in amount, because the balance recovered, unless this be prevented by special legislation, would in due course go into the administrator’s hands, to be distributed by him under the laws of the State of Mississippi to all the creditors or next of kin alike, whether found by us loyal or disloyal, and without reference to our decision thereon, which cannot control the local statutes as to administration.
There being no proof of the loyalty of the administrator, petition is dismissed for want of further jurisdiction.