Weldon, J.,
delivered the opinion of the court:
This is a proceeding under the Bowman Act for stores and supplies, the subject-matter of which was referred to this court by the Committee on War Claims of the House of Representatives. The claim in the reference is that of Edward M. Talia-ferro, who was the guardian of Richard Taliaferro, an insane person at the time of the alleged taking by the defendants for the use of the Army. The claimant was a son of Richard Taliaferro, and was not loyal to the Government during the late war and at the time it is alleged the property was taken. It is alleged in the petition that the father, Richard Taliaferro, was loyal to the United States. The property belonged to the ward.
The Commissioners of Claims disallowed the claim for the reason that Edward M. Taliaferro was disloyal and the only heir of Richard Taliaferro, who was insane.
The alleged loyalty of Richard Taliaferro grows out of the fact that he was insane, and therefore incapable of being disloyal, having no volition which would enable him to become disloyal to the Uidted States. It is conceded that Edward M. Taliaferro, the guardian, was disloyal, and upon that fact being admitted by the claimant the defendants make a motion to dismiss “ for the reason that it is admitted that Edward M. Taliaferro, the guardian of the person and property of Richard Taliaferro, during the war and at the time the commissary stores and supplies alleged to have been taken by the United States were so taken, was disloyal to the Government of the United States, and hence this court is without jurisdiction in the case.” The question of the loyalty of the claimant by the Bowman Act is made a preliminary inquiry to the consideration of the merits of the claim.
The act provides, in substance, that unless the court on a preliminary inquiry finds that the person who furnished such supplies or stores, or from whom the same were taken, was loyal to the Government of the United States throughout said *450 war the court shall not have jurisdiction of such cause and the same shall be dismissed. (22 Stat. L., 485.)
The finding of the Claims Commission time of the investigation before that tribunal the ward was dead, and it is not shown that the condition which existed at the time the property was taken did not continue from that time henceforward, so that the guardian, being the sole heir of Eichard Taliaferro, became ipso facto the beneficiary of all the estate of his ward. The trust which the guardian held as to the property was primarily to the ward of his father, but there was a further trust in behalf of the ultimate beneficiaries of the estate, beyond the ward’s estate, which perhaps could not be made the subject of judicial cognizance, but nevertheless existing. He was the heir apparent to the whole estate, and that expectancy could not be defeated by any act of the ward so long as he remained incapable of doing an act which would change the devolution of his estate. The guardian’s relation to the property was one of.law and one of interest.
We have decided in the case of Newman (21 O. Cls. B., 205) that the individual whose loyalty must be proved in a Congressional case is the administrator in the possession of the stores and supplies at the time of seizure, and not the widow, next of kin, or creditors of an estate.
The theory vested in the administrator upon his appointment and when the property was taken from him his loyalty was to be found in a proceeding for the stores and supplies. The Newman Case followed by analogy the Carroll Case, report in 13 Wall., 151, in which the Supreme Court held, in substance, that under the abandoned and captured property act when the property was taken from the administratrix that it was her loyalty which should be shown and not the loyalty of the decedent nor of the distributees.
This claim originated in the State of Georgia, and the question of the relation of the guardian to the property of the ward must be determined by the laws of that State.
Ordinarily the guardian acts as the next friend of the ward, so far as the form of judicial iiroeeedings are concerned, and the suit is in the name of the ward by his guardian, upon the theory that the legal title is in the ward; but a different rule seems to prevail in the State of Georgia.
In the case of Fields & Adams v. Lucas (21 Ga., 451) it is *451 said: “ It seems to be tbe practice in England for the non compos to be a party plaintiff when suing’ and a party defendant when sued, but the reason is his estate is not vested in the guardian upon inquisition found. The title remains in the plaintiff himself. Not so under the laws of this State (Cobb, 342). Certainly the rights of possession, if not title, under our laws vest in the guardian, and this entitles him to sue in his own name to recover the property of his ward or damages for its wrongful conversion.”'
The rights of the guardian being thus defined by the highest court of the State in which the property was taken, this case comes within the law announced m the Newman Oase (supra), which held that it was the loyalty of the administrator that should be shown when the property was- taken from him. Applying that law to the guardian, and it being conceded that he was disloyal at the time the property was taken, the motion of the defendants must be sustained to the extent of finding that the petitioner was disloyal, and his disloyalty is hereby found, Avhic'h prevents an inquiry into. the question of the alleged taking.
The hardship of this decision (being placed as it is on the ground of the disloyalty of the guardian) is relieved by the fact that Edward M. Taliaferro was not only the guardian having the legal title, but he was the sole heir who succeeded to all the rights of property of Richard Taliaferro.
Howry, J., took no part in the decision of this case.