Howrt, J.,
delivered the opinion of the court:
This cause has been submitted on the motion of the defendants to dismiss and likewise submitted upon the merits for decision should the court in first considering the motion determine that there is power to proceed to the merits.
The findings show the taking from the claimant owners of their machine shops, machinery, and materials located at Charleston, S. C., by the military forces of the defendants and the use and occupation of the shops for a period of 169 days, beginning February 20, 1865, and ending August 9 of that year. During this period the owners were employed by the defendants and for their services compensation to them was duly made. The superior provost court at Charleston made a decree for use and occupation of the building, including the rent of the tools and use of the materials, at $50 per day. But no appropriation being available, and the decree of the military court being unenforceable, and the owners of the property finding that they were without remedy in this or in any court for want of power in any civil tribunal to award them judgment, a legislative bill was introduced providing for the amount of the award as made by the superior provost court above mentioned. The bill carrying the appropriation for the amount stated in the bill was referred to this court by resolution of the House of Representatives for findings and conclusions under section 151 of the act of March 3, 1911, 36 Stat., 1135, entitled “An act to codify, revise, and amend the laws relating to the judiciary.”
*494 The motion of defendants is to dismiss for the reason that the statements of the petition do not comply with that rule of the court which requires in cases for stores and supplies coming under the Bowman and Tucker Acts and in congressional cases for the use of buildings an allegation as to the loyalty of the party from whom the stores or supplies were taken or whose buildings were used.
While the findings show that the owners were not loyal when their property was taken, they also show that these claimants as such owners almost immediately thereafter took the oath of allegiance to the Government and continued in the public service until the property in its damaged condition was returned to them.
Buie 27 of this court provides that petitions in cases for stores and supplies under the Bowman and Tucker Acts shall embrace, the allegation of loyalty of the party from whom the stores and supplies were taken, and that in congressional cases for the use or destruction of buildings the evidence must show, in addition to the loyalty of the claimant, the use or destruction of the building. The contention of the defendants is that the Bowman Act and the fourteenth section of the Tucker Act were repealed by the act of March 3, 1911, supra, and that the rule of court stated would apply to the repealing act as it did to the acts repealed thereby.
Section 159 of the act of March 3, 1911, provides that “ the claimant shall in all cases folly set forth in his petition that the claimant * * * if a citizen has at all times borne true allegiance to the Government of the United States.” Defendants argue that as there are no allegations of the loyalty of the claimants the court is without jurisdiction to hear the merits of the cause.
The claim is referred under section 151 of the act of March 3, 1911, supra, which became a part of the Judicial Code effective January 1, 1912. This section is set forth in the margin in full.[1]
*495 The statutes codified must be interpreted precisely as the original acts would be interpreted if no codification had taken place except where there are changes by express words or necessary implication. Such is the general principle and such the intention of Congress, as is shown by section 299 of the Judicial Code. This last section declares that:
“ The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made.”
Where a provision or proviso in an original grant of jurisdiction was only intended for the subject matter of that jurisdiction, it can not now be extended to other jurisdictions because of the codification or because of general words contained in it, such as “ in all cases it shall be.” On the contrary, such words must be construed as meaning “ in all cases (of this branch of jurisdiction) it shall be.” The contention upon jurisdiction neither gains nor loses by codification.
The Bowman Act and the fourteenth section off the Tucker Act and the act of June 25, 1910, 36 Stat., 837, are in pari materia, and their purpose is declared in the title *496 of the first act, “ to afford assistance and relief to Congress.” Consequently the intent of the proviso to section 151 is that cases of which the court has jurisdiction shall not be thrown back upon Congress, but shall be finally disposed of by the judiciary, and that the Government shall thereby acquire the right of having such cases reviewed by the Supreme Court where there is power under existing laws to render judgment or decree. This intent is made plainer by the imperative language of the statute that “ where the court has jurisdiction to render judgment or decree thereon it shall proceed to do so ”; and this is emphasized by the provision that the court shall give to either party “ such further opportunity for hearing as in its judgment justice shall require.” Nothing can be plainer than that this law was not intended to be executed or not executed at the mere option of the claimant.
The motion carries us to a construction of sections 159, 160,161 of the Judicial Code. These sections are taken verbatim from sections 1072,1073, 1074 of the Revised Statutes: As Congress have taken them without the change of a word the lawmaking power clearly intended that they must be executed as construed by the appellate court; that is to say, with the limitations imposed by the construction put upon them by the Supreme Court. These limitations are controlling as regards loyalty and pardon since the decisions of the Supreme Court in the case of Armstrong, 13 Wall., 154; The Pargoud Oases, 13 Ib., 156; Padelford's Case, 9 Wall., 531; and Klein's Case, 13 Ib., 128. The proceedings go on under the code just as they have gone on under the decisions of the Supreme Court under the original sections relating to the matter of loyalty. In White v. United States, 19 C. Cls. R., 436, a full exposition is made of the practice of this court in consequence of these decisions.
Where the law antecedently to the revision was settled either by clear expressions in the statutes, or adjudications on them, the mere change of phraseology shall not be deemed or construed a change of the law, unless such phraseology evidentfy purports an intention in the legislature to work a *497 change. Yates' Case, 4 Johns., 317; Theriat v. Hart, 2 Hill, 380; Parmelee v. Thompson, 1 Hill, 77; Goodell v. Jachson, 20 Johns., 693; Croswell v. Crane, 7 Barb., 191. The construction will not be changed by such alterations as are merely designed to render the provisions more precise. Moores v. Bunker, 29 N. H., 421.
If it be true, as argued by defendants, that it is) now necessary to allege and prove loyalty throughout the war between the sections, regardless of the decisions of the Supreme Court, then it would follow that the courts would be forever closed in any kind of a case to all persons who participated in the struggle against the military forces of the United States. There was no such intent in the minds of any Congress since those decisions. It was never the purpose in the enactment of the code to exclude Congress from using any of its existing tribunals, or any courts they shall see fit to create, from investigating and reporting upon claims against the Government. The language of the section which has brought this case here is explicit that any bill, except for a pension, pending in either House of Congress, and providing an appropriation by way of payment, may be referred to the court for the investigation and determination of facts, with such conclusions as shall be found sufficient to inform the lawmaking power of the nature and character of the demand referred. The motion to dismiss is therefore denied.
The act -of March 3, 1887, 24 Stat., 505, removed the restriction of jurisdiction on account of disloyalty. By the fourteenth section of that act the jurisdiction was specifically enlarged to hear anything properly referred within the constitutional power of Congress to pay. The existing code has not changed that provision.
On the merits the court finds that the reasonable rental value of the machine shops and machinery, including the material taken and the wear and tear of the machinery belonging to these claimants, was then and there the sum of $8,450.
*498 The court decides, as a conclusion, that the claim herein is equitable, in that the Government of the United States received the benefits from the use of the machine shops and machinery, tools, and materials of the claimants.
The foregoing findings, together with a copy of this opinion, will be reported to Congress.

 Sec. 151. Whenever any hill, except £or a pension, is pending in either House of Congress providing for the payment of a claim against the united States, legal or equitable, or for a grant, gift, or bounty to any person, the House in which such bill is pending may, for the investigation and determination of facts, refer the same to the Court of Claims, which shall proceed with *495 the same in accordance with such rules as it may adopt and report to such House the facts in the case and the amount, where the same can be liquidated, including any facts bearing upon the question whether there has been delay or laches in presenting such claim or applying for such grant, gift, or bounty, and any facts bearing upon the question whether the bar of any statute of limitation should be removed or which shall he claimed to excuse the claimant for not having resorted to any established legal remedy, together with such conclusions as shall be sufficient to inform Congress of the nature and character of the demand, either as a claim, legal or equitable, or as a gratuity against the united States, and the amount, if any, legally or equitably due from the united States to the claimant: Provided, However, That if it shall appear to the satisfaction of the court upon the facts established that under existing laws or the provisions of this chapter 1he subject matter of the bill is such that it has jurisdiction to render judgment or decree thereon it shall proceed to do so, giving to either party such further opportunity for hearing as in its judgment justice shall require, and it shall report its proceedings therein' to the House of Congress by which the same was referred to said court.