Howrt, Judge,
delivered the opinion of the court:
This is one of the class cases arising under section 162 of tbe Judicial Code. That section revives in part tbe act of March 12, 1863, commonly known as tbe abandoned or *325 captured property act and the acts amendatory thereof, where property was taken and sold and the net proceeds placed in the Treasury. Defendants have moved the court to dismiss for the reason that the petition does not set forth the loyalty of claimant or of his decedent, as required by sections 159 and 162 of the Judicial Code.
After the filing of the motion by defendants to dismiss, a second amended petition was filed by the claimant administrator in which it is alleged without qualification that he, the said administrator, has at all times borne true allegiance to the Government of the United States. The allegation as to the loyalty of the decedent is left in in the form first stated where appears the statement that the decedent during his lifetime bore true allegiance to the Government of the United States; that is to say, if any acts of voluntary aid or encouragement to rebellion against the Government were committed during the late Civil War between the years 1861 and 1866 a full pardon was granted therefore by the President of the United States.
The questions involved in this motion have been largely treated, in the opinion of the court, contemporaneous herewith in the case of Cicero L. Lincoln, administrator of Joseph A. Harvey, deceased, v. The United States. There is a difference in the pleading presented by the two cases. In Lincoln’s case it was alleged that the decedent at all times bore true allegiance to the Government of the United States, followed by an allegation of the loyalty of the claimant administrator and under a second amendment further followed by the statement substantially that for any act, either aiding or abetting rebellion against the Government, including service in the Confederate Army, the claimant had been granted a full pardon by the President of the United States. In the case we are now considering the allegation is without qualification that the claimant has at all times borne true allegiance to the Government of the United States. But, as to the decedent, the recital as to his loyalty is followed by the statement that if any such acts were committed by him in voluntarily extending aid or encouraging rebellion such acts “were committed during the late Civil War and full pardon has been granted.”
*326 Taking tbe motion to dismiss as applicable under the second amended petition to the decedent’s loyalty, the parties have endeavored to make the case present for decision the question only whether in a claim for cotton in this court, under section 162 of the code, the allegation and proof of a pardon to the original owner is equivalent to that of continued loyalty.
Section 159 of the Judicial Code, which defendents have set forth in their motion to dismiss, in connection with section 162 of the same code, is inapplicable if we should follow the decision of the court in the case of White, Exec., v. United States, 19 C. Cls. R., 436. That decision declared that section 1072 of the Revised Statutes related only to claimants of record, and not the decedents, whose rights are represented in the court through executors or administrators. In White’s case it was said that:
“ Claimants of record, in whatever capacity they bring their action, are the only claimants recognized by the court, and it is to them alone, in our opinion, that the existing statute as to proof of loyalty applies.”
The “ existing statute ” at the time that decision was rendered now appears as section 159 of the Judicial Code, being section 1072 of the Revised Statutes. The court’s decision was based upon the ruling of the appellate court in Carroll's case, 13 Wall., 151, where it was said that an administratrix was the “ owner ” of the property taken within the sense of the statute and that as to her the provision requiring the proof of loyalty applied.
But the “ owner ” mentioned in Carroll’s case was an administratrix in possession of the property at the time of capture. Here the court is not informed by the pleadings who was in possession of the property. This decision of the appellate court was upheld later in the case of Villalonga, 23 Wall., 35, by the statement that a person in possession of the property at the time of capture — lawfully entitled to possession — must be deemed the owner and entitled to recover the proceeds within the meaning of the captured or abandoned property act.
It is disclosed in the amended petition that there were taken 240 bales of cotton from the decedent. This allega *327 tion is followed by the statement that the decedent “ had at all times borne true allegiance to the Government of the United States,” and had not in any way voluntarily aided, abetted, or given encouragement against said Government. The subsequent language of the petition is the matter of the pardon.
As the pleadings stand, the petition states a cause of action. What the proof may develop and what questions may be raised from the proof must be left open for consideration hereafter.
The motion to dismiss the cause is denied.