## Margaret Kerr, Appellant, *v.* Pennsylvania Railroad.

*Negligence — Right of action—Death — Married women — Desertion—Minor child—Damages—Acts of April* 15, 1851, *and April* 25, 1855.

A married woman who has been deserted by her husband may maintain an action in her own name under the acts of April 15, 1851, P. L. 674, and April 25, 1855, P. L. 309, to recover damages for the death of a minor child of herself and husband.

Argued April 10, 1895.    Appeal No. 188, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 25, in favor of defendant on demurrer to statement. Before GREEN, WILLIAMS, MCCOLLUM, DEAN and FELL, JJ. Reversed.

Trespass for death of minor child.

Plaintiff in her statement of claim averred that her minor son had been killed by the negligence of defendant.   She also averred as follows:

" The plaintiff is the only person entitled to recover for the death of her said son.   John Kerr, the plaintiff's husband and the father of the said son of the plaintiff, deserted the said plaintiff and her said son more than eight years anterior to the commencement of this action, and through drunkenness and profligacy failed and refused, from the time of his said desertion (which has been persisted in continuously to the present time) to provide in any way for his said child or for his wife, the plaintiff in this suit."

The defendant demurred because of the nonjoinder of the husband as plaintiff.

The court sustained the demurrer with leave to plaintiff to join proper parties.   No opinion was filed by the court.

*Error assigned* was in sustaining demurrer.

*P. F. Rothermel, Jr.,* for appellant.—If the point raised by the demurrer is sound, then a father who has deserted his wife and child and neglected to provide for them, may by refusing to join with the mother in a suit for injury resulting in the death

of their son, deprive her of all right of action vested in her as a parent by the statute.

It is submitted this would be in direct conflict with the spirit and express purpose of second section of the act of May 4, 1855; and also in direct conflict with section 3 of the act of May 4, 1855.

It is argued in the court below that the plaintiff was not entitled to the benefits of this act unless she had been decreed to be a feme sole trader. The contrary is expressly held in Black v. Tricker, 59 Pa. 13.

Though the act of April 26, 1855, vests in the parents the right to sue for injuries causing the death of their child, the right is not absolute and unconditional; on the contrary, it only exists where the family relations continue to exist between the parents and the child: Iron Co. v. Rupp, 100 Pa. 95.

It is true the right to sue is vested by the act of April 25, 1855, in the parents. But it vests it equally in her as in him. It does not prevent the mother from suing when the father is dead; then why should she lose her right of action because by the father's misconduct he has forfeited his?

*Edwin Jaquett Sellers* and *David W. Sellers* for appellee, cited: act of April 25, 1855, P. L. 309; Railroad v. Decker, 84 Pa. 425; Steamer "Harrisburg," 119 U. S. 199.

OPINION BY MR. JUSTICE FELL, June 3, 1895:

The question raised by the demurrer is whether a married woman who has been deserted by her husband can maintain an action in her own name to recover damages for the death of their minor child. It is alleged in the statement filed that the death of the plaintiff's minor son was caused by the negligence of the defendant, that she is the only person entitled to recover for his death, as her husband, the father of the boy, had deserted her and their son more than eight years before the commencement of the suit and through drunkenness and profligacy has failed and refused to provide in any way for either of them.

The right to recover damages for negligence causing death does not exist at common law. It was first conferred in this state by the Act of April 15, 1851, P. L. 674. The Act of April 25, 1855, P. L. 309, specifies the persons entitled to re-

cover.   The fourth section of the act provides : " The persons entitled to recover for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relatives."   The second section of the Act of May 4, 1855, P. L. 430, provides that " Whenever any husband from drunkenness, profligacy or other cause shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a feme sole trader under the Act of February 22, 1718, . . . ." etc.   The third section provides that " Whenever any husband or father from drunkenness, profligacy or other cause shall neglect or refuse to provide for his child or children, the mother of such children shall have all the rights and be entitled to claim and be subject to all the duties reciprocally due between a father and his children, and she may place them at employment and receive their earnings, or bind them to apprenticeship, without the interference of such husband, the same as the father can now do by law."   The act of 1718, 1 Sm. L. 99, above referred to, confers upon feme sole traders the right to sue " during their husbands' natural lives without naming their husbands in such suits."

There can be no doubt of the power of the plaintiff to sue without joining her husband to recover any claim due her in her own right.   The Act of May 4, 1855, conferred upon her the common law rights and duties of her husband in relation to their child.   She could have placed him at work and have received his wages, and was bound to the reciprocal duties of maintenance and education.   Her legal relation to her son was the same as if her husband had been dead.   It is out of this relation that the right to recover in an action for the death of a child grows.   The measure of damages is the pecuniary loss sustained, and the loss arises because of the right of the parent to the child's earnings, until he is of age, or of the expectation of pecuniary advantage after the minority of the child because of the continued existence of the family relation.

The father here had forfeited all right to his son's earnings ; the mother alone was entitled to them.   She alone could sue for and recover them.   The pecuniary loss resulting from the child's death was wholly hers.   If the father had not been living at the time of the son's death the wife's right to maintain this action could not be questioned ; if she had not been living

at that time it is doubtful whether he could have recovered, because the family relation between him and his son had ceased to exist and he had forfeited all right to the son's earnings.

The force of the objection that the action cannot be maintained by one of the parents is in the fact that the right is purely statutory and is given to both. It is generally true that where the right is joint the action must be joint, and the nonjoinder of one who ought to be a co-plaintiff is fatal. This is the case in actions ex contractu and where the form of the action is in tort, but the liability springs from a joint contract or interest. The reason of the rule is that the plaintiff suing is not entitled to the whole recovery and knows who is joined in interest with him. The rule does not apply to actions purely ex delicto. In them any one of several having a right to sue may do so separately. We have in this case a right of action given to two and the right of recovery limited by the facts to one. Must the right in the party entitled be defeated because the other will not join or in his absence cannot be made a party ? The loss for which a recovery is provided by the Act of 1851 is that resulting from the severance of the family relation, and the recovery is not in all cases for the benefit of the party suing only. The Act of 1855, while specifying the persons entitled to sue, provides that the declaration shall state who are the persons entitled to recover, and that " the sum recovered shall go to them in the proportions they would take his or her estate in cases of intestacy." In Huntingdon and Broad Top R. R. Co., v. Decker, 84 Pa. 425, the present chief justice said : " If the deceased leaves a husband, he alone is clothed with the right of action ; if the wife is the survivor, she is entitled to bring suit ; if there be neither surviving husband nor widow, the right of action is given to the children, and if there be neither husband nor widow nor children surviving, it is given to the parents of the deceased. But while the right of action is given, according to the circumstances of each case, to one of the four designated parties, it is clear from the wording of the act that the entire sum recovered is not always to be retained by the plaintiff in his or her own right. It is to be distributed among the relatives named in the proportion they would be entitled to take the personal property of the deceased in case of intestacy ; and to the end that it may appear who are entitled to partici-

pate in the damages recovered it is required that the declaration shall state who they are. In the present case the widow had the right of action, not exclusively for her own use, but for the joint use and benefit of herself and children."

In this case the wife alone has a claim upon which a recovery in damages can be sustained. Her right should not be defeated by the misconduct of her husband. Upon the trial she will have to establish her right to maintain the action in her own name, or fail. In the absence of the husband, or of notice to him, his right to participate in the distribution of the fund recovered cannot be finally determined against him. Whatever right he has may be preserved by the court controlling the distribution until he shall have had a hearing.

I desire to add that I sat at the argument of this case in the common pleas, and fully assented to the judgment which was afterward entered by my colleagues. Upon further reflection I am satisfied that the demurrer should have been overruled, and that the error to which I contributed my full share should now be corrected by reversing the judgment.

The judgment is reversed with a procedendo.