# Darbrinsky, Appellant, *v.* The Pennsylvania Company.

*Negligence—Railroads—Death of minor—Contributory negligence of parent—Action by other parent—Nonsuit.*

1. Where the contributory negligence of a parent is a proximate cause of the death of a minor child, the other parent will be barred thereby from recovery; the negligence of the parent in

charge of the child will be imputed to the parent who seeks to recover for his death.

2. Where in an action by a mother to recover for the death of her minor son, a child of ten years, who was killed in a railroad accident, it appeared that the child was in charge of his father, and that the negligence of the father contributed to the death of both, the lower court properly held that the negligence of the father was a complete defense to the action.

Mr. Justice MESTREZAT dissents.

Argued Feb. 1, 1915. Appeal, No. 137, Oct. T., 1914, by plaintiff, from judgment of C. P. Lawrence Co., Dec. T., 1910, No. 95, refusing to take off nonsuit, in case of Lena Darbrinsky v. The Pennsylvania Company. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's minor son. Before PORTER, P. J.

The opinion of the Supreme Court states the facts. See Darbrinsky v. Pennsylvania Co., 247 Pa. 177.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*C. W. Fenton*, with him *F. R. Haun* and *W. N. Anderson*, for appellant.

*Charles R. Davis*, with him *Oscar L. Jackson*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 15, 1915:

On December 13, 1909, the plaintiff's ten year old son was killed with his father, in a collision between a wagon driven by the latter and a train of the defendant company. In the suit to recover for the death of the

plaintiff's husband (Darbrinsky v. Pennsylvania Co., 247 Pa. 177), we affirmed a compulsory nonsuit, saying, "We cannot regard this case in any other light than that of a driver.......thoughtlessly and carelessly driving right in front of a moving train." The present action was instituted by the mother to recover damages for the loss of the child who met his death through the contributory negligence of her husband, and raises the following question: the negligence of one parent being a proximate cause of the injury complained of, is the surviving parent barred in law from a recovery against another party who also contributed to the accident?

The question which we have before us never seems to have been passed upon in Pennsylvania under circumstances precisely like those at bar; although, in a number of cases involving the negligent killing of children, where both parents were alive and joined in the action, and the contributory negligence of one of them was shown, we decided that such negligence was attributable to the other parent, and that it formed a complete bar to recovery as against both of them. In Johnson v. Reading City Passenger Ry., 160 Pa. 647, 652, the suit was by the father and mother, and it was held that the contributory negligence of the mother acted as a bar. In Gress v. Philadelphia & Reading Ry. Co., 228 Pa. 482, 486, the suit was by both parents to recover for the negligent killing of two children; it was held that the older child was guilty of contributory negligence and that, since the father had committed the younger child to her care and "the accident occurred through the contributing negligence of the sister, the latter's negligence must be imputed to the father," and there could be no recovery. In the recent case of Rapaport v. Pittsburgh Rys. Co., 247 Pa. 347, the suit was by the father to recover damages growing out of injuries to a minor child; we held that the contributory negligence of the mother (although she was not formally named as a

plaintiff) barred the action, and judgment was entered for the defendant.

The cases just reviewed cannot be differentiated from the one at bar on the ground that, since in those instances both parents sued, the actions were joint and, therefore, one plaintiff not being entitled to recover, the other could not; for in the last case only one parent appeared as a plaintiff, and in Kerr v. Penna. R. R. Co., 169 Pa. 95, we held that, in cases of this character, the right of action was not jointly in the parents, in the sense that one could never sue to recover for the death of a child without the other joining, but that, where the circumstances justified it, one parent might sue alone. This being so, the joinder of the two parents would not make a suit a joint action in the technical sense of that term; the mere fact that two join as plaintiffs does not fix the status of the action—there must be a joint right to constitute a common suit a joint action. If, however, the cases cited are attempted to be explained on the theory that they were suits to enforce a joint right, that would not help the present plaintiff, for where a joint right exists each party is bound by the acts of the other, on the theory of implied authority, to such an extent that one cannot rid himself of the consequences of the other's acts within the scope of the implied authority; hence, where there is a joint right which begets joint obligations, a failure to perform these obligations by either party will affect the other, even though the suit to enforce the right may be brought by one alone; and the fact that in this particular case the other party lost his life in the course of his failure cannot change the rule. In the cases cited, we do not appear to have discussed the theory upon which one parent was held responsible for the negligent acts of the other, but there is nothing in any of them to indicate that the technical rules applicable to joint actions were at all considered. The true doctrine, and the one upon which the cases, no doubt, turned, is that, while

the family relation exists, each parent at all times impliedly authorizes the other to act for him or her in the common care and control of their children, so that each becomes responsible for the acts of the other in that respect, and this implied authority does not rest upon the legal fiction of the unity of husband and wife, but is founded upon the family relation. As before said, the fact that, in the case at bar, the plaintiff's husband happened to have been killed in the very accident wherein his own negligence contributed to the death of their child, can make no difference in the decision of the case; his carelessness constituted a proximate cause of the child's death, and it is imputed to and bars his wife the same as though he were alive and a party to the present action.

Moreover, the fact that the plaintiff rests upon a statutory right to bring her suit can in no way affect the conclusion reached. In several of the cases cited the right to prosecute the action rested upon the same statutory authority invoked in the present case, and in each of these a recovery was denied on the theory of imputed negligence. There was no right at common law to recover damages for negligence causing death (Kerr v. Penna. R. R. Co., supra) ; this was first conferred in Pennsylvania by the Act of April 15, 1851, P. L. 669 (Sec. 18-19), followed by the Act of April 25, 1855, P. L. 309, which specifies the persons now entitled to recover. While the statutes in question give the right to pursue the wrongdoer, after the death of a person injured, and designate who may bring suit and how the money recovered shall be divided, yet, in each instance the foundation of the claim and the defenses which may be interposed are the same as though the victim of the trespass had not died. In Hill v. Penna. R. R. Co., 178 Pa. 223, 230, we said: "Without these acts the cause of action for a specific act of negligence would have died with the person and there could then be no recovery by anybody; but......under the acts, the action does not

die but survives to certain persons named. But it is an action for the same injury, and upon the basis of the same negligence. The acts accomplished the preservation of a right of recovery, but they do not give, or assume to give, another and additional remedy"; also see Hughes v. Del. & Hudson Canal Co., 176 Pa. 254, 260. In Bradford City v. Downs, 126 Pa. 622, a suit by the father, the injured child died subsequent to the commencement of the action, and after the statute of limitations had run the court permitted an amendment of the declaration which comprehended a claim for loss of service occasioned by the death; we held that the cause of action remained the same and that the amendment was no departure. All of which means that when a suit such as we have before us is brought by parents after the death of a child, the cause of action is just the same as though the victim had been injured and had not died; it is not on the minor's behalf to recover for the value of his life, but it is an independent action to regain the pecuniary damage suffered by the parents [Penna. R. R. Co. v. Zebe, 33 Pa. 318; Penna. R. R. Co. v. Keller, 67 Pa. 300, 306; Penna. Co. v. James, 81½ Pa. 194]; and, in cases of this character, the fact that the statute keeps alive the cause of action, and confers the right to sue upon the parents, in no sense or manner relieves such parents from the application of the doctrine of imputed negligence, when, as here, one of them through his own carelessness has brought about or contributed to the loss in suit.

It would serve no useful purpose to review and distinguish the cases from other jurisdictions which hold that the contributory negligence of one parent does not bar the right of the other to recover for the death of a child; it is sufficient to say that such is not the Pennsylvania rule and that most of these decisions from other states rest upon the peculiar phraseology of, and the construction put upon, their particular statutes. 7 A. & E. Ency. of Law (2d Ed.) 445, states the general

rule thus: "Imputable contributory negligence which will bar the plaintiff from recovery exists when the plaintiff, although not chargeable with personal negligence, has been, by the negligence of a person in privity with him, and with whose fault he is chargeable, exposed to the injury which he received through the negligence of the defendant"; and this was quoted with approval and applied in Gress v. Philadelphia & Reading Ry. Co., supra, p. 486.  29 Cyc. 555, thus states the rule: "While in most jurisdictions negligence of parents, or others in loco parentis, cannot be imputed to a child to support the plea of contributory negligence, when the action is for his benefit, yet when the.action is by the parent, in his own right, or for his benefit......the contributory negligence of the parent may be shown in evidence in bar of the action, and this although the action is brought by one parent and the negligence was that of the other," and in Penna. Co. v. James, 81½ Pa. 202, we said: "A distinction is taken between the case of a father or mother bringing an action for the death of a child, and a child bringing an action for personal injury; in the former the contributory negligence of the parent may be used in defense."  We can but conclude that the contributory negligence of the father was properly allowed as a complete defense in the present case.

The assignment of error is overruled, and the judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE MESTREZAT:

This is an action brought by a mother to recover damages for the death of her son.  Ignotto Darbrinsky and his ten year old son, Harry, were killed on December 13, 1909, as the result of a collision of a wagon, driven by the father, with the defendant's train at a grade crossing in Lawrence County.  At the time of the accident the son and his elder brother were sitting in the rear of the wagon.  Lena Darbrinsky, the widow of Ig-

notto and the mother of Harry, brought suits for the death of her husband and son and it clearly appeared on the trial that the defendant was negligent, but the cases were nonsuited on the ground that the father's negligence contributed to his own and his son's death. The plaintiff appealed in each case and the majority of this court sustains the judgments of the Common Pleas. I do not agree that the evidence warranted the court in declaring Ignotto Darbrinsky guilty of negligence as a matter of law, but if it be conceded that his negligence was so clear as to authorize the court in so holding, I cannot assent to the proposition that it prevents the plaintiff from recovering for the death of her son in this action. In other words, I do not agree that in an action brought under our statutes by a mother for the death of her son, the negligence of the father contributing to the death of their son can be imputed to the mother and thereby defeat the. action. That is the question involved in this case, and it is answered in the affirmative by the majority of the court.

An action did not lie at common law for death caused by the negligence or violence of another, but the right to bring such action has been conferred by statute in most, if not all, the states of this country. The party seeking to recover must rely upon the statute which confers the right of action and declares who shall be the beneficiaries. In this State, the Act of April 15, 1851, P. L. 669, authorizes the widow or, in case there is none, the personal representative of the deceased, to maintain an action whenever death is caused by unlawful violence or negligence. This was followed by the Act of April 26, 1855, P. L. 309, which declares that the persons entitled to recover the damages shall be the husband, widow, children or parents of the deceased, and that the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and "that without liability to creditors." These statutes have been frequently construed by this court.

The Act of 1855 does not confer the right to bring an action for death caused by negligence, but simply determines the persons entitled to the damages for what the Act of April 15, 1851, P. L. 669, declared to be a tort. If there is no widow or children the right of action is in the parents, and as the right is joint both must join in the suit: Penna. R. R. Co. v. Zebe, 37 Pa. 420, but if either the father or mother be dead, the right of action is in the survivor and he or she has the sole right to bring the suit: Penna. R. R. Co. v. Bantom, 54 Pa. 495. The damages recoverable by the widowed mother is estimated by the same standard as those recoverable by the father when he sues alone: Ib. She claims through her child, not through her husband, and sues in her own right and for a cause of action conferred on her by the statute. She is not in privity with her husband as to the right conferred by the statute and is not chargeable with his dereliction of duty. The pecuniary loss resulting from the child's death was wholly hers: Kerr v. Penna. R. R. Co., 169 Pa. 95, 97. Her husband never had a right of action for his child's death. He was dead when the tort was consummated which was the statutory basis of his widow's right to sue. The damages are not a part of the estate of the deceased, nor are they recovered as such from the wrongdoer. They are compensation for injuries resulting to the person to whom the right of action is given, and can only be recovered when such injury is shown by the beneficiary and to the extent of the pecuniary loss sustained by him: Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419. The parties entitled to the estate of the deceased have no claim or right to the amount recovered, nor have his creditors, the act declaring specifically that the sum recovered shall go to the statutory beneficiaries in the proportion they would take his personal estate in case of intestacy, and "that without liability to creditors." The only party interested, there-

fore, in the result or in the amount of damages recovered in this action is the plaintiff, the mother of the deceased.

The mother, the plaintiff, can only be held responsible for such negligence, contributing to the death of the child as was committed by herself or by her authorized agent or servant. If she had put the child in the custody or care of another whose negligence contributed to its death, her right of action would have been barred. The act of her agent or servant would in law have been her act and would have prevented a recovery. It is contended, however, that by reason of the marital relation existing between the husband and wife, the former's negligence is imputable to the latter, but I submit that the proposition is clearly erroneous. The father was not the agent of the mother in the care and control of the child nor entrusted with the custody of the child by the mother at the time of the accident. He had the right to its custody and control and was exercising that right when the collision occurred which resulted in the child's death. If, therefore, the mother is to be deprived of the right to recover by reason of the negligence of the father, she will be held responsible for the negligent act of another who was not her agent or servant and over whom she had no control whatever. We are not familiar with any principle of law which sustains the proposition. If the husband's estate or his heirs, taking through him, were entitled to the damages recovered or had any interest therein, his negligent act could be invoked to prevent a recovery, but as already pointed out, the statute declares that, under the circumstances of this case, the mother alone is the beneficiary of the amount recovered under its provisions. She does not sue or take the money recovered by reason of the marital relation with her husband or by reason of being his widow or through him in any way whatever, but distinctly and solely by reason of the right conferred upon her by the statute. The negligence of the father cannot be imputed to the child: O'Toole v. Pittsburgh &

Lake Erie R. R. Co., 158 Pa. 99; Walsh v. Altoona &
Logan Valley Electric Ry. Co., 232 Pa. 479; and, of
course, its tender years relieve it from the charge of
negligence. It clearly could have maintained an action
for injuries resulting from the collision had it survived.
The mother's right of action, therefore, against the de-
fendant company for the death of her child is clear
unless, as held by the majority of the court, her hus-
band's negligent act, committed in her absence and with-
out her knowledge, can be imputed to her, solely by
reason of his implied agency in the care and control of
the child growing out of the marital relation.

It is contended that the present case in which the
mother brings the suit cannot be differentiated from the
cases where the actions were brought by both parents
and a recovery was defeated by the negligence of one of
the plaintiffs. This contention is manifestly erroneous in
view of the provisions of the statute conferring the right
of action and the purpose of the legislation. The statu-
tory cause of action is "unlawful violence or negligence"
resulting in death, and the persons entitled to recover the
damages are "the husband, widow, children or parents
of the deceased." We have frequently ruled, and it is a
necessary conclusion from the statute, that in the case
of the death of an infant caused by negligence, the action
must be in the names of both parents, if they are living.
Both parents are grouped among the persons entitled
to recover damages, and by necessary implication the
same damages, or damages estimated by a common stand-
ard: Penna. R. R. Co. v. Bantom, 54 Pa. 495, 497.
The action is joint and the recovery is also joint and
enures to the benefit of both parents. It is, therefore,
clear, under all the authorities, that the negligence of
either plaintiff would defeat the action. It is settled
law that where a right of action is given jointly to sev-
eral parties and a joint suit is brought to enforce it, a
meritorious defense against one plaintiff will bar the
action as to the other plaintiffs: McDonald v. Simcox,

98 Pa. 619; McIntosh v. Dierken, 222 Pa. 612. The purpose of the statute was to create a right of action, in the designated beneficiaries, unknown to the common law, and the right can be defeated only by some act of the party or parties entitled to it. The right to sue is joint and is in both parents, if living, and hence the negligence of both or either necessarily defeats it. If, however, the right is conferred on one of the parents where the other is dead, as we have repeatedly held it is, then his or her right to sue and recover is not barred by any defense which could be successfully invoked against the dead parent, if he or she were living and had joined in the suit. It is apparent, therefore, that the cases which were brought by both parents in which the negligence of one or both plaintiffs defeated a recovery are without force as a precedent in cases where the negligent parent is dead and the action is brought by the other parent.

Kerr v. Penna. R. R. Co., 169 Pa. 95, was an action brought by a married woman who had been deserted by her husband to recover damages for the death of their minor child, and the statement averred that the plaintiff was the only person entitled to recover for his death, as her husband, the father of the boy, had deserted her and their son more than eight years before the commencement of the suit, and through drunkenness and profligacy had failed and refused to provide in any way for either of them. We sustained her right to sue without joining her husband, which was the only question in the case, solely on the ground that the Act of May 4, 1855, P. L. 430, conferred on her the common law rights and duties of her husband in relation to the child, and "her legal relation to her son (under that statute), was the same as if her husband had been dead." We did not and could not hold that the right of action was not joint and given to the parents when both are living, because the statute declares that it is, and in Penna. R. R. Co. v. Zebe, 37 Pa. 420, we distinctly negatived the proposition

"that the father alone had a vested legal pecuniary interest in the services of the deceased and the mother had no such interest therein," and held that "the suit was properly brought in the name of the father and mother of the child." We recognized this as the proper construction of the statute in the Kerr case and said: "The force of the objection that the action cannot be maintained by one of the parents is in the fact that the right is purely statutory and is given to both."

The question raised here is one of first impression in this State on the facts presented in the record, but the principle controlling its solution is settled by decisions in this and other jurisdictions. The very recent case of Senft v. Western Md. Ry. Co., 246 Pa. 446, is a much stronger case for the defendant on the facts than the case at bar, and we there held that the negligence of the husband could not be imputed to his wife who brought the suit to recover for injuries sustained in a collision by defendant's train with a one-seated automobile in which the plaintiff and her husband were riding. The husband was driving the machine and his wife was seated at his side. He was clearly guilty of negligence but the court instructed the jury that his negligence could not be imputed to his wife. The jury found that the plaintiff was not negligent, and returned a verdict for her. The judgment entered on the verdict was sustained by this court, the chief justice who wrote the per curiam saying: "The negligence of the plaintiff's husband in not stopping before attempting to cross the track could not be imputed to her."

The doctrine announced by the majority of the court finds no support in the decisions in other jurisdictions. The right to recover for death caused by a wrongful act is of statutory origin, and the first statute conferring the right was Lord Campbell's Act, 9 and 10 Victoria, enacted in England in 1846, and similar statutes have generally been adopted in the United States: Penna. R. R. Co. v. Adams, 55 Pa. 499, 501; Deni v. Penna. R. R. Co.,

181 Pa. 525, 528. The decisions under the statutes of other states, while not of binding authority here, are singularly unanimous in opposition to the conclusion of this court. A few of them may be cited. Atlanta & Charlotte Air Line Ry. Co. v. Gravitt, 93 Ga. 369, was an action brought by a mother to recover damages for the death of her minor son of tender years caused by the negligence of the defendant company. It seems that at the time of the accident the custody of the child had been entrusted by the father to another whose negligence contributed to the child's death. It was held that the custodian was the representative and agent of the father and that his negligence was the father's negligence and would prevent a recovery by the latter, but that in a suit by the mother in her own right as authorized by the statute the negligence of the father was not chargeable to the mother merely because of the conjugal relation existing between them. In Louisville, New Albany and Chicago Ry. Co. v. Creek, 130 Ind. 139, it was held that the negligence of a husband will not, merely because of the marital relation, be imputed to his wife, who is injured while riding with him. In that case it is said: "A husband and wife may undoubtedly sustain such relations to each other, in a given case, that the negligence of one will be imputed to the other. The mere existence of the marital relation, however, will not have that effect. In our opinion, there would be no more reason or justice in a rule that would, in cases of this character, inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of Eternal Justice for his sins because she was his wife." In the Gravitt case, supra, the above extract from the opinion in the Creek case is quoted, and the court adds: "This admirable statement of the law, we think, should be decisive of the question with which we are now dealing." Wolf v. Lake Erie & Western Ry. Co., 55 Ohio 517, was an action brought by the administrator of a de-

ceased child under a statute which provided that every action for death shall be for the exclusive benefit of the wife or husband and children, or, if there be none, then for the parents and next of kin of the person whose death shall be so caused. It was held that the defense of contributory negligence is available against the beneficiaries, but the contributory negligence of some of the beneficiaries will not defeat the action as to others who are not guilty of such negligence. In that case the beneficiaries were the father and mother of the child and the court said in remanding the case for a new trial that the father might recover if free from negligence, although the mother would not be entitled to recover if guilty of negligence which contributed directly to the child's death. In Donk Bros. Coal & Coke Co. v. Leavitt, 109 Ill. App. 385, it was held that where the death statute gives the benefit of an action to a father and mother of a deceased child, the right of the father to recover is not affected by the negligence of his wife to which he was not a party. The court says: "Appellee, the father, was not present. His absence was in the discharge of duties which he owed to his wife and child no less than toward appellant. There is no way of charging him with evidence even tending to prove his contributory negligence. He does not derive his right in the premises through the acts or omissions of his wife, but through the rights of his child and the negligence of appellant. This precise question has been determined by the Supreme Court of Ohio, in the case of Cleveland, Columbus & Cincinnati R. R. Co. v. Crawford, 24 Ohio 631." See Phillips v. Denver City Tramway Co., 32 Ann. Cas. 29, and note citing the decisions in the subject in the several jurisdictions.

I would reverse the judgment and grant a new trial.