Livingston, J.,
 

 delivered the of the court, as follows : — This cause comes here on a writ of error to the *■ Circuit Court of the United States for the district of Maryland. This action was brought by the plaintiff, who was also plaintiff below, to recover the proceeds of one hundred bags of cotton, which had been shipped to the defendants, and by them sold on commission.
 

 At the trial, it appeared, that the plaintiff, together with William Potts
 
 &
 
 Co., in 1807, made a joint shipment of two hundred bales of cotton to the address of the defendants, who resided at Liverpool, to make sale thereof for their joint benefit. This cotton belonged, one-half to the plaintiff, and the other half to William Potts
 
 &
 
 Co. The shipment was accompanied by two letters to the defendants, the one written by the plaintiff, bearing date 14th February 1807, in which, after advising them of the shipment, he adds, “Mr. Potts has written you on the subject of his interest in this adventure ; for myself, I have to request that you will, after covering me in cost and charges, make such disposition of my one-half the shipment as your own judgment may think best for my interest.”
 

 The other letter was written by William Potts & Co., and is dated 5th February 1807, in which they also advised the defendants of the shipment which they say is “ for account of Mr. Hall and ourselves, each one-half,” and after directing what is to be done with their moiety, they observe, that
 
 *35
 
 “ under present circumstances, Mr. Hall will decline drawing on his proportion, as he wishes you to avoid selling at the present prices, as long as possible ; we refer you to him for more particular directions.”
 

 In another letter of the 13th April, 1807, the plaintiff directed the defendants that, after affecting sales of his half of the cotton, on the terms of his first letter, “ they should pass the net proceeds of his proportion to the credit of Messrs. W. Potts
 
 &
 
 Co., and furnish him *with sales and J account-current, as soon as possible, to enable him to settle with those gentlemen here.”
 

 After the receipt of these letters, the defendant, on the 5th June 1807, sold one hundred bags of the cotton on account of William Potts
 
 &
 
 Co., at I7d.sterling per pound, and immediately advised them thereof. The defendants afterwards, that is, on the 31st December 1807, had the remaining one hundred bags of cotton valued at 14ci. sterling per pound, at which price they took it to themselves, and carried the amount to the credit of William Potts
 
 &
 
 Co., and on the 1st March following, sold them at a higher price. The plaintiff, thinking the defendant, guilty of a breach of orders, brought this action to recover damage, and on the preceding evidence, the circuit court was of opinion, that he could not separately maintain an action against them, on which a verdict and judgment passed against him.
 

 Although the purchase of this cotton was on the joint account of tlie plaintiff, and of William Potts & Co., yet as, in its shipment to the defendants, their distinct interests were hot only disclosed, but as separate and variant instructions were given as to the disposal of it, and as, under these directions, the defendants acted throughout the whole of their agency in this business, it is not easy to perceive on what ground they now allege that they can be liable only in a joint action in the names of the present plaintiff, and of William Potts
 
 &
 
 Co. By their own conduct, they have precluded themselves from every objection of this nature, for they have contracted, as to the one-half of this property, with the plaintiff, and as to the other moiety, with William Potts & Co., and it will be seen by a recurrence to the testimony, not only that their engagements with these parties are distinct, but of different kinds. In selling the proportion of W. Potts
 
 &
 
 Co., they had a discretion, but over the other they had no right to sell for less than cost and charges. This court, therefore, is of opinion, that the action was well brought, and that the judgment of the circuit court was erroneous and must be reversed.
 

 Judgment reversed.