## MARK GRAY *vs.* JOSEPH L. BUCK.

### Hancock. Opinion December 10, 1886.

*Shipping. Insurance by one owner for himself and other owners. Action for portion of insurance money received.*

Where one owner of a vessel agrees to procure insurance for two or more other owners, and does procure insurance on their part with his in one policy, and collects on that policy for a loss, each of the other owners, whose portion of the vessel was covered by that policy, may maintain an action for his proportional part of the insurance money thus collected.

ON exceptions to the ruling of the court in ordering a nonsuit.

The opinion states the case and material facts.

*Charles P. Stetson*, for the plaintiff.

*Wiswell and King*, for the defendant.

EMERY, J. In this case there was evidence from which a jury might find the following as facts.

The brig, "Isaac Carver," was practically owned in the following proportions: Mark Gray, (plaintiff) one-eighth; William D. Swasey, one-eighth; Joseph L. Buck, (defendant) one-fourth, and O. M. Gray, (the master) one-half. The

master's part was held by the plaintiff, awaiting payment therefor, but that half is not involved in this case. O. M. Gray procured insurance on his half, independently of the other owners. Mark Gray (the plaintiff) applied to the defendant, who was agent for the vessel, to procure some insurance on his eighth. Swasey also made a similar application to the defendant as to his one-eighth. It was agreed that the defendant should procure an insurance of fifteen hundred dollars for himself, Swasey and the plaintiff, on their half of the vessel, to be divided among them in proportion to their interests in that half. The defendant thereupon procured the insurance, and upon the subsequent loss of the vessel, collected the entire insurance. The plaintiff, after demanding one-fourth of the sum collected, brought this suit to recover it.

The only objection urged to the maintenance of the action upon the foregoing facts, is the non joinder of Swasey as a co-plaintiff.

We do not think the interests of the plaintiff and of Swasey were joint. They were not partners. Each owned his share individually. Each could insure his share separately, or leave it uninsured, without affecting the other. The plaintiff and Swasey did not jointly request the defendant to procure insurance upon any joint interest. Each applied for himself, and for insurance upon his own separate share. The defendant made similar arrangements with each about the insurance. He could have made different arrangements. The similarity of the contracts does not weld them into one joint contract. We think each promisee can maintain his separate action for his share of the insurance. *Owings* v. *Owings*, 1 Har. Gill, (Md.) 484; *Dunham* v. *Gillis*, 8 Mass. 462; *Bunn* v. *Wisner*, 3 Caines, 54; *Hall* v. *Leigh*, 8 Cranch, 50.

The case *White* v. *Curtis*, 35 Maine, 534, relied upon by the defendant, is different from this case. In that case the insurance was upon the freight in which all the owners had a common interest. They had a common interest in the profit or loss of the venture. The defendant was not an owner and had no share in the venture. He procured the insurance for the joint

account of the owners, and there was no evidence, as there was in this case, of any separate contract with either owner.

*Exceptions sustained. Action
to stand for trial.*

PETERS, C. J., WALTON, DANFORTH, FOSTER and HASKELL, JJ., concurred.