Argued March 26, affirmed May 26, 1925.

# VERN W. PITTS AND LUCILE PITTS *v.* GEORGE A. CRANE.

### (236 Pac. 475.)

**Master and Servant—Contract cannot be Both Joint and Several.**

1. Employment contract cannot be regarded as both joint and several.

**Parties—Husband and Wife Properly Joined as Plaintiffs if Employment Contract was Joint.**

2. Under Section 27, Or. L., husband and wife were properly joined as parties plaintiff if employment contract sued on was joint, but if it was several their joining was improper.

**Contracts—Contract must be Proved as Alleged—Averment of Joint Contract Requires Proof of Joint and not Several Contract.**

3. A contract must be proved as alleged, hence an averment of a joint contract requires proof of a joint, and not of a several, contract.

---

3.  See 21 R. C. L. 608.
    114 Or.—38

Master and Servant—Employment of Husband and Wife Held Joint.

4. Contract by husband and wife, with defendant, for employment on farm *held* joint.

Master and Servant—In Action by Husband and Wife on Joint Employment Contract, Defendant's Motion for Directed Verdict Held Properly Overruled.

5. Where evidence was contradictory as to whether employment contract of plaintiff husband and wife with defendant was a joint contract for "going wages" for labor, or whether the contract was merely, as claimed by defendant, one to supply plaintiffs and their child with board and lodging, and plaintiffs adduced some competent evidence in support of each material allegation of the complaint, defendant's motion for a directed verdict was properly overruled.

Appeal and Error—Under the Constitution Verdict Based on Contradictory Evidence is Final.

. 6. Verdict based on contradictory evidence is final because, under the Constitution, Article VII, Section 3c, the Supreme Court is precluded from considering the weight of contradictory evidence.

Pleading—Variance, Which has not Actually Misled Adverse Party or Prejudiced Him in Maintaining His Defense, is not Material.

7. Variance, which has not actually misled adverse party or prejudiced him in maintaining his defense, is not material, under Section 97, Or. L.

Master and Servant—Testimony Witness Offered to Work for Board and Lodging Held Irrelevant to Issue of Existence of Contract.

8. Testimony that witness offered to work for defendant for board and lodging *held* properly rejected as irrelevant to issue of existence of plaintiffs' employment contract with defendant.

Master and Servant—Testimony as to Employer's Necessity for Additional Work Held Properly Excluded.

9. Where plaintiffs' alleged joint employment contract was denied by defendant and claimed to be a contract merely to board and lodge plaintiffs and their child, in return for housekeeping and doing of chores, objection to question calling for opinion of witness as to necessity for, and extent of, additional farm work to be done on defendant's farm beyond what defendant could do *held* properly sustained.

Appeal and Error—Sustaining Motion to Strike Witness' Answer as not Responsive to Question Held not Prejudicial Error.

10. Sustaining motion to strike witness' answer as not responsive to question *held* not prejudicial error, where the witness

---

5. See 26 R. C. L. 1067.
6. See 2 R. C. L. 193.
7. See 21 R. C. L. 611.
8. See 10 R. C. L. 925.
10. See 2 R. C. L. 253.

was thereafter permitted to answer a question which in substance was a repetition of former one.

**Appeal and Error—When Prejudicial Error Affirmatively Appears on Face of Record, Supreme Court cannot Presume It is Harmless.**

11. When prejudicial error affirmatively appears on face of record, Supreme Court cannot presume it is harmless.

**Appeal and Error—Matter Rendering Harmless, Error Appearing Affirmatively on Face of Record as Prejudicial, Should Appear in Bill of Exceptions.**

12. Matter rendering harmless, error appearing affirmatively on face of record as being prejudicial, should appear in bill of exceptions.

**Appeal and Error—Reception of Hearsay Testimony Held Harmless in View of Reception of Other Competent Evidence Establishing Same Fact.**

13. In action to recover for labor on farm, reception of hearsay testimony of witness that he knew plaintiff cut wood on defendant's farm, because plaintiff told witness he had cut wood, *held* rendered harmless in view of other competent evidence establishing such fact.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.

This is a joint action brought by Vern W. Pitts and Lucile Pitts, husband and wife, to recover wages for labor. Plaintiffs allege that for ten months, at the special instance and request of George A. Crane, defendant herein, they jointly performed labor for defendant on and about his farm, of the value of $75 per month, no part of which has been paid except $68. They aver that by reason of their demand for the payment of wages, made upon defendant more than forty-eight hours prior to the commencement of the action, they are entitled to recover a reasonable sum as attorneys' fees.

Defendant, answering, denies each and every allegation of the complaint except that portion admit-

11. See 2 R. C. L. 235.
13. See 2 R. C. L. 250.

ted by him in his averments. He alleges that Vern W. Pitts performed labor of the reasonable value of $67, and no more, for which he has been fully paid, and that the defendant, in addition thereto, has advanced to him the sum of $7.25. He then avers that it was mutually agreed between plaintiffs and defendant that, in consideration of the plaintiff Lucile Pitts' doing the house work and cooking for plaintiffs and defendant, and the plaintiff Vern W. Pitts' doing the chores, the defendant would supply the plaintiffs with board and lodging for themselves and an infant child during the time they lived with defendant on his farm, and that, for the same consideration, Lucile Pitts should do such additional cooking as might be necessary for harvest hands or other employees.

The defendant pleads performance, on his part, of the agreement set forth in his answer. He likewise pleads a counterclaim of $50 on account of board, lodging and nursing furnished to Lucile Pitts by one Martha Bass and assigned by her to defendant.

Plaintiffs' reply denies every allegation of defendant's answer.

On the trial, plaintiffs supported their contention by the testimony of fourteen witnesses, while the defendant produced eighteen witnesses in support of his defense. At the conclusion of the plaintiffs' case, the defendant filed a motion for directed verdict upon the following grounds: that plaintiffs alleged a joint contract while the evidence showed a several obligation; that there was no evidence of the "going wages" for services claimed by the plaintiffs; and, that there was a variance between the complaint and the evidence. The court overruled the motion, and defendant, by his attorneys, reserved an exception.

As a result of the trial, the jury returned a verdict in favor of the plaintiffs in the total sum of $517. From a judgment entered thereon, the defendant appeals to this court, assigning error of the court in overruling defendant's motion for a directed verdict; in giving certain instructions; and, in making certain rulings involving the reception of the evidence at the trial of the cause.                          AFFIRMED.

For appellant there was a brief over the names of *Mr. Albert Abraham* and *Mr. O. P. Coshow,* with an oral argument by *Mr. Abraham.*

For respondents there was a brief over the names of *Mr. George Neuner, Jr., Mr. B. L. Eddy, Mr. John T. Long* and *Mr. H. W. Evans,* with an oral argument by *Mr. Neuner.*

PER CURIAM.—This action is predicated upon the supposition that the contract declared upon is joint, and not several.

1, 2. The contract is joint or it is several. It cannot be regarded as both joint and several. If it is a joint contract, it was not only proper, but necessary, that both the husband and wife join in the action as plaintiffs. But, if it is several, the plaintiffs cannot sue jointly: 1 Code Pleading and Practice, Sutherland, § 18; 15 Ency. Plead. & Prac. 528; 4 Page on The Law of Contracts (2 ed.), §§ 2078, 2079. The reason for the rule requiring the plaintiffs to join as such in an action upon a joint obligation is concisely stated by Sutherland, a recognized authority, as follows:

"In the first place it prevents a multiplicity of suits, and in the second place 'a defendant who has made but one contract or incurred a single liability

has the right to require that the whole case be disposed of in one action.' In such a case the plaintiff or plaintiffs must represent the entire cause of action, and the plaintiff or plaintiffs thus representing the entire cause of action must be the 'real parties in interest.' In other words, a single cause of action cannot be divided." 1 Code Pleading and Practice, Sutherland, § 18.

Our statute enacts that, except as otherwise provided, an action must be carried on in the name of the real party in interest: Or. L., § 27. And this court has uniformly held that the above section was enacted for the benefit of the defendant, to protect him from being harassed by different suits or actions arising from the same cause: *Sturgis* v. *Baker,* 43 Or. 236 (72 Pac. 744); *Simon* v. *Trummer,* 57 Or. 153, 159 (110 Pac. 786); *Devlin* v. *Moore,* 64 Or. 433, 441 (130 Pac. 35); *Blaser* v. *Fleck,* 96 Or. 187 (189 Pac. 637).

3, 4. A contract must be proved as alleged; and where, as here, the contract is averred to be joint, the proof must disclose a joint, and not a several, contract.

The defendant quotes the following from 20 R. C. L. 674, 675:

"When a contract has been made with several persons under which a separate duty arises to each, in contemplation of law it is the same as if a separate and distinct contract had been entered into with each separately and they must sue separately."

The editors support this statement of the law by *Hall* v. *Leigh,* 8 Cranch, 50 (3 L. Ed. 484, see, also, Rose's U. S. Notes).

While we are in accord with the principle set forth above, it does not apply to the facts in the case at bar. The action in the case of *Hall* v. *Leigh, supra,*

was brought to recover the proceeds of 100 bags of cotton, shipped to the defendants to be sold by them. The plaintiff and another made a joint shipment to the defendants, at Liverpool, of 200 bales of cotton, to be sold by defendants on commission. The shipment was accompanied by an individual communication from each consignor, informing the defendants that each shipper owned one half of the cotton, and giving separate and varied instructions to the consignee relating to the disposal of each half of the cotton and accounting for the proceeds thereof. Based upon these facts, the court held that the separate action by one of the consignors against the consignee for violation of his separate instructions had been properly maintained.

In the case of *Lyon* v. *Bertram et al.*, 20 How. 149, 156 (15 L. Ed. 847, see, also, Rose's U. S. Notes), the Supreme Court of the United States, speaking through Mr. Justice CAMPBELL, said:

"The plaintiffs are shown to be the parties jointly interested in the subject of the action, and in the claim for relief. It is quite immaterial in what proportions they may be concerned. Their case is substantially established, when their joint interest is shown, and the error in respect to the degree of the interest of the several parties is not such a variance as will be considered."

To the same effect is Pomeroy's Code Remedies (4 ed.), § 116.

5, 6. Did the court err in overruling the defendant's motion to direct a verdict? This is the decisive question in this case. At the hearing the defendant, through his counsel, in order to establish that the verdict returned by the jury was unjust and founded upon prejudice, ably and earnestly mar-

shaled the evidence adduced upon the trial of the cause in the court below.

From a careful review of the somewhat voluminous record, we find a sharp conflict in the testimony. It is undesirable to encumber our reports with a mass of testimony in order to support our ruling in this case. However, we have read and digested the testimony of the fourteen persons testifying on behalf of plaintiffs, and we find that there is some competent evidence sustaining plaintiffs' claim in the matter of labor jointly performed for the defendant and at his request. On the other hand, from the testimony given by the eighteen witnesses on the part of the defendant, we find evidence to the effect that at the time of the averred contract the defendant, a farmer residing at Melrose, in the Umpqua Valley, had completed his farming operations for the year; that the busy season was over; that his harvest had been gathered; that the early part of winter had arrived when the plaintiffs, a recently married couple who had come to the county some time before, appeared, seeking a place to stay; that they were homeless, and that the wife was soon to become a mother; that the defendant, George A. Crane, although he then had no work for them to do, made his averred contract in view of plaintiffs' situation and in anticipation of defendant's requirement for help at farming during the succeeding harvest period. Having found some competent evidence to support each material allegation of the complaint, we hold that the motion to direct a verdict for defendant was properly overruled. Again, this court is precluded from considering the weight of contradictory evidence, and the verdict in such case is conclusive. Our fundamental law provides:

"No fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." Or. Const., Art. VII, § 3–c.

7. Because of the contradictory testimony set out in the record before us, we cannot decide that there is no affirmative evidence of a joint contract, or of the "going wages" for the services claimed by plaintiffs.

Now, recurring to that averment in the motion alleging a fatal variance between the allegations of the complaint and the evidence: A variance between the allegations of the complaint and the evidence is not material, unless the adverse party has actually been misled, to his prejudice in maintaining his defense: Or. L., § 97; *Wehrung* v. *Portland Country Club,* 61 Or. 48 (120 Pac. 747). In the case just noted, it was held that the record contained no proof that the defendant had been misled, to its prejudice. That is true in the case at bar.

Defendant challenges the correctness of the instructions given by the court.

The court's exposition of plaintiffs' pleading is not strictly accurate as to the averments of that document with reference to the particular work to be performed by the plaintiffs, and is somewhat involved, in this: the court confuses the averments of the pleading with some of the evidence given in support thereof. However, we have carefully read this instruction and are unable to see how the defendant was injured thereby.

Defendant also objects to Instruction No. 2. It must be borne in mind that the various instructions are to be taken and construed together; and, when this instruction is read in connection with Instruction No. 10, defendant's objection is answered.

Instruction No. 8 is not objectionable.

8. We now pass to the exceptions reserved relating to the ruling of the court during the reception of the evidence. The defendant offered to prove by Mrs. Kahler that she had offered to work for defendant for her board and lodging. This testimony was not relevant to prove or disprove any issue made by the pleadings, and was properly rejected.

9. E. H. Crane was asked a question which called for his opinion as to the necessity for, and extent of, additional farm work to be done on the defendant's place beyond what the defendant himself could do, and the court properly sustained an objection thereto.

10. Mamie Handy, in response to a question as to the reasonable value of Lucile Pitts' work at the defendant's place, answered:

"Well, in that case, it would be worth him—Mr. Pitts' and her board. That is, the kind of work she had to do."

The court sustained a motion to strike, on the ground that the answer was not responsive to the question. In the very next question the substance of the former was repeated, and the witness answered that the value of Mrs. Pitts' services "would be $20 a month." The witness having been permitted to answer the question, the defendant was not injured.

11–13. Another objection relates to hearsay testimony given by Charles A. Stubbs. This witness had testified to a number of matters, including that of woodcutting by the plaintiff, Vern W. Pitts, when, in response to a question as to how he knew Pitts was cutting wood, he answered that Pitts had told him so. Were this the only testimony relating to the cutting of wood for defendant by this plaintiff, the ruling of the court in refusing to strike the hearsay

testimony, upon proper · motion, would be deemed serious. But, following the objectionable testimony witness testified, in effect, that he had seen Pitts cutting wood. Moreover, the record ·is full of competent evidence by both the plaintiffs' and the defendant's witnesses, and even by this defendant himself, that he helped to cut forty-seven tiers of wood for the defendant.

When prejudicial error affirmatively appears on the face of the record, this court cannot presume that it is harmless. The matter rendering it harmless should appear in the bill of exceptions: *Nickum* v. *Gaston,* 24 Or. 380, 392 (33 Pac. 671, 35 Pac. 31); *Durkee* v. *Carr,* 38 Or. 189, 196 (63 Pac. 117, and cases therein noted). We have already pointed out that the record contains evidence which renders harmless Stubbs' hearsay testimony.

This case is affirmed.                                   AFFIRMED.

COSHOW, J., took no part in the hearing or consideration of this case.