Argued April 17, reversed and remanded May 22, costs taxed June 12, 1928.

# BERTHA E. LIPP v. THE MUTUAL LIFE INSURANCE COMPANY.

(267 Pac. 519.)

**Evidence—Evidence of Reputation Relative to Questions of Pedigree, Marriages, Births and Deaths is Admissible.**

1. Admission in evidence of reputation as applied to questions of pedigree, marriages, births and deaths is recognized exception to general rule rejecting hearsay evidence.

**Evidence—Reputation Evidence as to Insured's Death Held Inadmissible in Action on Life Policy, Where Evidence Tended to Prove Recent Death and Issue of Plaintiff's Fraud had not Been Raised.**

2. In action on life insurance policy, in which sole issue was whether insured was dead, and in which there was evidence of facts and circumstances from which death could be inferred, admission of testimony relative to general reputation in family and community as to insured's death *held* error as invading jury's province, where question of plaintiff's fraud had not been raised.

Appeal and Error, 4 C. J., p. 999, n. 17.
Death, 17 C. J., p. 1177, n. 39.
Evidence, 22 C. J., p. 502, n. 8.

From Coos: GEORGE F. SKIPWORTH, Judge.

Department 2.

REVERSED AND REMANDED. COSTS TAXED.

For appellant there was a brief over the names of *Messrs. McCamant & Thompson* and *Mr. Ralph H. King,* with an oral argument by *Mr. Wallace McCamant.*

For respondent there was a brief over the name of *Mr. J. W. McInturff,* with an oral argument by *Mr. Wm. T. Stoll.*

1. See 10 R. C. L. 963.

BELT, J.—Plaintiff had verdict and judgment in an action on an insurance policy issued by the defendant company on the life of her husband. The sole issue in the trial court was whether the insured was dead. It was the contention of the plaintiff that her husband had drowned in the Columbia River near Vancouver, Washington, on or about January 31, 1924. The defendant claimed that he was a fugitive from justice. There was testimony tending to support both theories. No motion for nonsuit or directed verdict was made challenging the sufficiency of the evidence. The plaintiff established a *prima facie* case and it was proper to submit her case to the jury.

This action was commenced about three years after the disappearance of John A. Lipp, the husband of plaintiff. The plaintiff and her son and daughter testified at the trial as to the facts and circumstances surrounding the disappearance of the alleged deceased. Depositions of the father, mother and sister of plaintiff's husband were also introduced in evidence, tending to show that if Lipp were alive he would probably return to his family. On July 10, 1925, plaintiff instituted a suit for divorce against Lipp charging him with desertion. On April 22, 1926, however, the suit was dismissed when, as she says, she was convinced, on account of the discovery of a skull in the river, that her husband was dead.

1, 2. Over the objection of defendant, plaintiff, in response to the question, "What is the reputation in the family of John A. Lipp as to whether he is dead or alive?" was permitted to answer, "They all think that he is dead." She was also asked, "Do you know what the general reputation in the community in which John A. Lipp resided is as to whether or not he is

dead or alive?" and in response answered, "It is that he is dead." It is contended that the admission of this testimony constitutes reversible error. It is well established that the admission of evidence of reputation as applied to questions of pedigree, marriages, births and deaths is an exception to the general rule rejecting hearsay evidence. It is an exception founded upon necessity. When the death is of such recent occurrence that it is susceptible of proof by, living witnesses, there is no occasion to resort to hear-, say testimony. In the instant case, members of the Lipp family submitted to the jury for its consideration all of the facts and circumstances within their knowledge from which a reasonable inference of, Lipp's death could be drawn. The testimony relative to reputation in the family and community amounted, under the circumstances as disclosed by the record, to a substitution of the judgment of a witness for that of a juror. The vital point in the case was whether Lipp was dead or alive. It was prejudicial error to permit a witness thus to invade the province of the jury: *In re Hurlburt's Estate,* 68 Vt. 366 (35 Atl. 77, 35 L. R. A. 794); *Metropolitan Life Ins. Co.* v. *Lyons,* 50 Ind. App. 534 (98 N. E. 824); *Denbo* v. *Boyd,* 194 Mo. App. 121 (185 S. W. 236); *Stein* v. *Bowman,* 13 Pet. (U. S.) 209 (10 L. Ed. 129); *Fidelity Mutual Life Ins. Co.* v. *Mettler,* 185 U. S. 308 (46 L. Ed. 922, 22 Sup. Ct. Rep. 662).

Counsel for plaintiff urges that the testimony relative to reputation of death in the family and community was introduced not to establish the fact of death, but for the purpose of showing good faith of plaintiff and to refute the charge of fraud. In this connection it is significant to note that, at the time

the questions were asked concerning reputation in the family and community, plaintiff's good faith had not been put in issue, as the record of the divorce proceeding was introduced subsequent thereto. Reliance is had on *Fidelity Mutual Life Ins. Co.* v. *Mettler, supra,* which holds such evidence to be admissible not to prove death but to refute a charge of fraud. In the Mettler case it was the contention of the insurance company that the insured and his sister had entered into a conspiracy to defraud the company. Here there is no such contention, the defense being that Lipp is alive and a fugitive from justice. After a diligent search of the authorities we have found no case based on a similar state of facts which holds such evidence to be admissible. It is idle to argue that it was not prejudicial. It was directed to the vital point in the case. As stated in *Pitts* v. *Crane,* 114 Or. 593 (236 Pac. 475):

"When prejudicial error affirmatively appears on the face of the record, this court cannot presume that it is harmless."

We see no merit in other assignments of error, but, for reasons stated, we are obliged to reverse the judgment in favor of plaintiff and remand the cause for a new trial.

REVERSED AND REMANDED.   COSTS TAXED.

RAND, C. J., and BEAN and COSHOW, JJ., concur.