## Myers et ux. v. Plummer

*William S. Acuff*, for plaintiffs; *Ditter & Menges*, for defendant.

CORSON, J., May 2, 1934.—This case was tried on April 19, 1933, before the then president judge of this court, Hon. J. Ambler Williams. The jury returned a verdict in favor of the defendant as to Snively D. Myers, and in favor of the plaintiff Glady May Myers in the sum of $1,000. Defendant moves for a new trial and for judgment n. o. v. as to Glady May Myers.

The suit was brought by the plaintiffs upon a contract of employment between the defendant and the plaintiffs, a copy of such agreement being attached to the statement of claim.

In the second paragraph of this agreement, the employer (the defendant here) agrees to pay the plaintiffs "jointly as salary for the services rendered by them the sum of $30 per week and 10 percent bonus on the amount of business done at 'The Corner' after first deducting $30 per week, representing the cash wage paid by employer to employe." This contract provides for joint payment to the plaintiffs for their joint services.

The plaintiffs in the present suit make no claim for the payment of the wages provided in the contract, but seek to recover upon the provision providing for the 10 percent bonus. It is admitted that no bonus was ever paid by defendant to the plaintiffs under the contract, although there is no dispute that $16,000,

or more, was the amount of "business done" at "The Corner" filling station during the term of the employment contract.

Defendant contended at the trial that the original agreement of March 23, 1929, upon which suit was brought, had been canceled and discharged about July 1, 1929, by agreement between one of the plaintiffs, Snively D. Myers, and the defendant, in which it was agreed that the 10 percent bonus was not to be paid, and that any claim for bonus already due under the written agreement was to be relinquished by both plaintiffs. While, according to the defendant's testimony, Mrs. Glady May Myers, the wife of Snively D. Myers, was not present when the new agreement was entered into, yet there was some evidence that the transaction was not completed until after Snively D. Myers had talked to his wife, and that perhaps both the plaintiffs had considered the new agreement. The original agreement of March 23, 1929, had apparently been canceled and discharged as between Snively D. Myers and the defendant by the tearing off of the signatures to the contract in the presence of each other, but not in the presence of Mrs. Myers.

Both the plaintiffs deny the alleged cancellation and deny that there was any agreement entered into other than that of March 23, 1929. The trial judge submitted the case to the jury with instructions, in effect, that if the jury believed defendant's story it should find against Snively D. Myers, the husband, and in favor of Glady May Myers, the wife, unless it was satisfied the husband was authorized to act as agent for the wife, in which event it should also find against the wife.

The general effect of this instruction is alleged as error in three separate reasons filed by the defendant in behalf of his motion for a new trial. The jury apparently believed the defendant's story as to the canceling of the agreement as between the husband and the defendant, in that it awarded a verdict in favor of the defendant as to Mr. Myers, but returned a verdict in favor of the wife for $1,000. The total sum alleged by the plaintiffs to be due was $1,624.06 with interest. From the verdict, it would seem to be obvious that the jury added the interest to the total amount claimed, and divided that amount by two, thus rendering a verdict in favor of the wife for one half of the amount due.

The question involved in these motions is whether or not this was a joint claim upon a joint contract, and, if so, whether or not a verdict may be sustained as to one of two joint obligees. Under the contract of March 23, 1929, do the plaintiffs have a joint right or a joint and several right? The contract speaks of the plaintiffs' interest as joint and provides that the compensation shall be paid to them jointly and, apparently, shall not be divisible. This was undoubtedly the intention of the parties, and was apparently treated as their intention from the testimony given at the trial.

In the case of Hascsak v. Leseinsky, 39 Pa. Superior Ct. 642, 644, the court said: "In Pittsley v. King, 206 Pa. 193, it is held that whenever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of joinder are not necessary for this purpose; but, on the other hand, there should be words of severance in order to produce a several responsibility or a several right. Whether the liability incurred is joint, or several, or such that it is either joint or several at the election of the other contracting party depends upon the terms of the contract, if they are express: 1 Parsons on Contracts, 11; Enys v. Donnithorne, 2 Burrows [Eng.], 1190; Phillips v. Bonsall, 2 Binn. 138; Philadelphia v. Reeves, 48 Pa. 472".

There is also authority to the effect that joint and several interests cannot be

created under a contract. See 1 Williston on Contracts, 606, sec. 321; Stewart v. Cummings, Admr., 109 Pa. Superior Ct. 57, 63.

There are no words in the contract upon which plaintiffs rely indicating any severance of the interests or that the interest of the plaintiffs in such contract is anything other than a joint one, and a joint right to the compensation is provided therein. In the case of Pitts et ux. v. Crane, 114 Ore. 593, 236 Pac. 475, it was held that an employment contract cannot be regarded as both joint and several, and that a "contract by husband and wife, with defendant, for employment on farm, *held* joint."

Upon our finding that the rights of the plaintiffs under the contract of employment were joint, a second question arises as to whether or not, upon a suit brought jointly to enforce a joint right, two verdicts may be brought in, one in favor of one plaintiff, and one against the other. We feel that such verdicts are improper. To allow such verdicts to stand would be to find that the rights of the two plaintiffs were several and not joint. As a joint contractual right belongs to all of the obligees taken together, a declaration which shows the existence of such right, at common law, was open to demurrer if any number less than all the obligees jointly entitled to the right were made plaintiffs: Sweigert v. Berk et al., 8 S. & R. 308.

Upon the reasoning of this case, if Snively D. Myers had not appeared as a party plaintiff, the suit could not have been sustained by the remaining joint plaintiff. Following the reasoning of this case further, if Snively D. Myers does appear as a plaintiff but it is found that he has lost his rights as against the defendant, a verdict could not be sustained in favor of the remaining joint plaintiff who had not released her rights. "If one of the parties plaintiff to a joint action fails to make out a case, or commits acts which estop him from asserting his claim, the right to a joint recovery is defeated, and the action falls": McIntosh v. Dierken, 222 Pa. 612. See also Sedden v. McBride, 210 Pa. 429; 1 Williston on Contracts, 621, sec. 329.

Upon these authorities and upon our finding that the claim of the plaintiffs under the contract was a joint claim, we feel that the trial judge was in error in charging that a several verdict could be rendered. If, as the jury apparently believed, there was a release by one of the joint obligees, such release would discharge the obligation as to the other joint obligee, whether or not such release was given with or without the authority of the coöbligee. Such discharge may be questioned only upon the ground of fraud and, under the pleadings of the present case, no such fraud is alleged by Mrs. Myers, the remaining joint obligee: Restatement of Law of Contracts, sec. 130 (B); 1 Williston on Contracts, 662, sec. 343; 53 C. J. 1248, sec. 72; McIntosh v. Dierkin, supra.

Upon the question of judgment n. o. v., the question whether or not there had been any release of the defendant was in dispute, and it was a clear question of fact for the jury. Defendant's motion for binding instructions therefore could not have been sustained, and where binding instructions could not have been given a motion for judgment n. o. v. should be refused. While it may be that the jury apparently accepted the contention of the defendant as to the release by Mr. Myers, yet, in view of the instructions given to the jury, we feel that the case should be submitted to a second jury under proper instructions. While the motion for a new trial is as to one plaintiff only, yet upon our finding that the plaintiffs' claim is joint, we feel that justice requires that a new trial be granted as to both plaintiffs.

And now, May 2, 1934, a new trial is granted as to both plaintiffs, and defendant's motion for judgment n. o. v. as to Glady May Myers is refused.

From Aaron S. Swartz, Jr., Norristown, Pa.